## McDONALD vs. THE INTERNATIONAL RY. CO., et al.

SUPREME COURT, GALVESTON TERM, 1883.

*Contract—Pleading—Practice—Case Stated.* Having averred in his petition a contract with the city of Laredo under which he was leased certain lands, ferry and ferry franchise owned by the city of Laredo, and authorized by the city charter, the plaintiff attached to his petition as an exhibita copy of his contract. Upon motion of the defendant this copy was detached from the petition, upon the ground that it could not properly be made an exhibit under rule 19. *Held*, error, the rule being that if the paper made an exhibit evidences a contract which constitutes the plaintiff's cause of action in whole or in part, then it was proper to make it an exhibit, notwithstanding it may be necessary and proper to use it in evidence in the case. In such case however a petition should contain such averments as may be necessary in the cause, the object and purpose of the exhibit being to aid and explain the pleading. The first element of the cause of action in this case, if acquired at all, was acquired through the contract which was made an exhibit.

*Corporate power* to establish ferries carries with it the power to do all such acts as may be necessary to constitute permanent ferries, and as their construction would be a unless thing unless they were operated, it also carries the power to operate them throuugh either the municipal corporation itself, or through such other agencies as it may lawfully provide.

*Same.* The power to fix rates, fees and rents is broad enough to authorize the city to rent the ferry or ferries which it has the power to establish, to some other person. The power to fix rates and fees is consistent with tne power of the city to operate the ferries itself, or cause them to be operated by another person, they to collect as rates such fees as the city may prescribe, but the power to fix rents is inconsistent with the idea that the city alone can operate the ferries. See opinion for "rent" defined.

*"Rent"* in its literal sense can be applied alone to lands and tenements, and not to franchises, but as used in the charter of the city of Laredo and in the petition it cannot be so restricted, but it must be held that, as thus used, it means that the city shall have the power to fix the rent which shall be paid not only for the use of the land on or contiguous to which the ferries are established, but also the sum which shall be paid for the appurtenances to the ferry, and the franchise of operating one or more.

*Same.* No right to rents can exist unless the owner has placed the property from which the profit arises in the possession and use of another, who as compensation for such, agrees to pay rent. The power to fix rents carries with it, when conferred upon an owner of property even though such owner be a municipal corporation holding in trust for a public purpose, the power to make such a contract as will entitle to rents.

*Same.* If then the city of Laredo owned the land, ferry, ferries, boats and appurtenances as well as the franchise, it was clothed with the attributes of ownership, and could do with the property as a private person could do, restricted only by the fact that as a municipal corporation in so far as it held the property as an agency for the State, for a public pursose it could not surrender its control and supervis-

ion to another unrestricted management. The contract in this case specially reserved such control to the city.

*Monopoly* includes as an essential element the grant of an exclusive right or privilege on one person or association of persons, by which they are authorized to pursue a given business.

Appeal from Webb County.

*McLane & Atlee* for appellant.

*Showalter & Nicholson* for appellees.

Opinion by Stayton, J.

The petition in effect alleges that about January 6, 1881, the city of Laredo was possessed of certain ferry franchises and ferries, and lands upon which, under the terms of its charter it was authorized and empowered to establish ferries across the Rio Grande, and to fix the rates, fees and rents therefor, and that, at said date it leased the same to the appellant for the period of five years, for which the appellant agreed to pay to the city as rent, the sum of $25,250, payable in annual installments.

It further alleges that after said renting, the appellant entered upon said land and ferries which he had rented, and operated the same until about the 2d of February, 1882, at which time it is alleged the appellee entered upon the land and ferries and ousted the appellant, and that from that time until the institution of the suit the appellee had continued to use the lands rented by the appellant from the city of Laredo and also the ferry rights and privileges which he had acquired by his contract, whereby he was injured and damaged, not only by the deprivation of the use of the lands and other rights which he claimed to have acquired by his contract with the city, but also by the diminution of the value of the franchise by the establishment and operation of ferries by the appellee.

There were several special demurrers filed to the petition, all of which went to the question of power in the city of Laredo to make the contract and confer the rights and franchises claimed by the appellant.

The third was: "Because the alleged contract between the city of Laredo is an attempt upon the part of said city and plaintiff to create a monopoly in favor of plaintiff and therefore void."

The court sustained this demurrer, and the appellant failing to amend, the cause was dismissed.

There was a copy of the contract between the city of Laredo and

the appellant, attached to the petition, and therein referred to as an exhibit. This set forth more fully than did the petition, the terms and conditions of the lease.

On motion of appellee the exhibit was detached from the petition, upon the ground that it could not be properly made an exhibit under Rule 19. This, and the action of the court in sustaining the demurrer and dismissing the case, are the matters assigned as error.

It seems to have been considered that a paper which was evidence of a party's right could not properly be. made an exhibit. This view we think erroneous. If the paper made an exhibit, evidences a contract which constitutes the plaintiff's cause of action in whole or in part, then it was proper to make it an exhibit, notwithstanding it may be necessary and proper to use it in evidence in the case. In such case, however, a petition should contain such averments as may be necessary in the cause, the object and purpose of the exhibit being to aid and explain the pleading.

The appellant's cause of action consisted of his right to the possession and use of the lands, ferries and franchise which he claimed to have acquired by his contract with the city of Laredo, and the deprivation of that right by the appellee.

The first element in the cause of action, if acquired at all, was acquired through the contract which was made an exhibit.

The petition in so far as it gave the terms of the contract between the city of Laredo and the appellant, gave them with substantial accuracy, but the averments were not so full as they ought to have been in regard to the conditions under which by the terms of the contract the appellant was to hold and operate the ferry or ferries.

There was however no demurrer to the petition pointing out this defect. That averments in this respect were not so full as they should have been was not a sufficient ground for excluding the exhibit, nor was that the ground upon which it was excluded. The exhibit was in aid of and exemplary of material averments in the petition, and should not have been detached.

If it be true that the city of Laredo owned the land, ferries and ferry franchises which the appellant claims to have acquired through his contract with the city, and that by its charter it was authorized and empowered to establish ferries across the Rio Grande, and to fix the rates, fees and rents thereof, and this the petition alleges to be true, then it follows that there is but one question remaining

which is :     Did these facts empower the city to make the contract with the appellant which is alleged to have been made ?     Is it a legal contract ?

The power to establish ferries carries with it the power to all such acts as may be necessary to construct permanent ferries, and as their construction would be a useless thing unless they were operated, it also carries the power to operate them through the municipal corporation itself, or through such other agencies as it may lawfully provide.

The word "establish" means to make, erect or found permanently.

The power to fix the rates, fees and rents would seem to be broad enough to authorize the city to rent the ferry or ferries which it has the power to establish, to some other person.

The power to fix the rates and fees is consistent with the power of the city to operate the ferries itself, or with power in the city to cause the ferries to be operated by some other person, they to collect for ferriage such rates or fees as the mumicipal government may prescribe, but the power to fix the rents is inconsistent with the idea that the city alone can operate the ferries.

"Rent" is defined to be "a certain profit in money, provisions, chattles, or labor issuing out of lands and tenements in retribution for the use."     Bouvier's Dictionary.

In its strict sense the word "rents" can only be applied to lands and tenements corporeal, and it would not apply to a franchise; but it is evident that the word as used in the petition and the charter of the city, which is set out in the brief of the appellee correctly, is not used in such a restricted sense; but that, as thus used, it means that the city shall have the power to fix the same which shall be paid not only for the use of the land on or contiguous to which ferries are established, but also the sum which shall be paid for the appurtenances to the ferry and the franchise of operating one or more.

The power to fix the rents would be an inoperative power, if there is no power in the city to make a contract by which some person other than the city may operate the ferry or ferries, and thereby the occasion for fixing the rents arise.

No right to rents can exist, unless the owner has placed the property from which the profit arises in the possesion and use of another who, as compensation for such use, agrees to pay rent.     The power to fix rents necessarily carries with it, when conferred upon an owner

of property, even though the owner be a municipal corporation holding in trust for a public purpose, the power to make such a contract as will entitle to rents.

If the city of Laredo owned the land on which the ferry or ferries were established and the boats or appurtenances to the same, as well as the franchise, it was clothed with the attributes of ownership, and might do with such property what a private person might do, restricted only by the fact that as a municipal corporation in so far as it held the property as an agency of the State for a public purpose, it could not surrender its control and supervision of such property into the unrestricted management and control of some other person.

If however, it reserved and exercises a control and supervision over the ferries through its own ordinances, as it would have done and was required and authorized to do for the public good, had it operated the ferries through its servants, then it is not perceived that a contract made by the city by which some other person was authorized to operate the ferries, paying a sum to the city for the right to do so, would be illegal.

The contract between the city and the appellant expressly reserved such power to the city. The manner of operating and rates and fees to be charged can still be fixed by the city.

The petition does not state a case in which the city has attempted to grant to the appellant an exclusive right to operate ferries on any place within the water front alleged to be owned by the city, but it does state a case in which ferries in existence have been leased by the city to the appellant which the city had the right to operate, or rent to another to be operated under its control, upon which the appellant is alleged to have trespassed.

No exclusive right to so operate ferries even by the city itself is alleged in the petition, but some of the matters set up as basis for damages would lead to the belief that in the opinion of the pleader such was the character of the right conferred upon the appellant by his contract with the city.

If the petition sought to assert an exclusive right to a ferry franchise within the limits of the water front of the grant which was made to the city, its averments are insufficient for that purpose. Whether the city would have the power to confer upon any person such exclusive franchise, to be exercised even under its own control and supervision for a limited period, would depend entirely upon the

grant of power to the city, and no such exclusive right could be given by implication, unless necessary to the exercise of the power expressly granted. There is nothing in the petition to indicate the existence of such power. Dillon on Municipal Corporations, 114, 116 and authorities cited in notes.

A very essential element to constitute a monopoly is an exclusive right or privilege conferred on one person or association of persons by which they have the sole authority to pursue a given business.

The averments of the petition not showing that the contract in question conferred any such exclusive right, it is not necessary further to inquire how far and what kind of exclusive privileges may be conferred without coming within the prohibition contained in section 26 of the bill of rights.

For the error of the court in sustaining the demurrer to the petition the judgment is reversed and the cause remanded.