S. R. BURROWS v. GONZALES COUNTY.

No. 79.

1. **Practice.**—General and special demurrers to an amended original petition, which were filed at the term of the court at which they were disposed of, although not filed until two terms after the filing of the amended petition itself: *Held*, that rule 25 for District Courts had no application.

2. **Final Judgment—Demurrer.**—The action of the court in overruling a demurrer is not a final adjudication, and it is proper for the trial court at a later term, on renewal of the demurrer during the pendency of the cause, to revise the former ruling if erroneous. Thus, general and special demurrers to an original petition were overruled, and at the third term of the court afterwards

were sustained to first amended petition, which plaintiff claimed contained substantially the same cause of action as the original petition.

**3. Right of County Commissioners Court to Operate Ferries.**— Revised Statutes, article 1514, which vest in the Commissioners Court the power to establish public ferries whenever the public interest may require, necessarily carries with it the power to construct and operate them; and Revised Statutes, title 87, chapter 6, does not restrict them to the only means of providing ferries for the public by granting license to individuals or corporations to operate them.

**4. License to Operate Ferries—Franchise.**—Chapter 6, article 87, Revised Statutes, authorizing the County Commissioners Court to grant license to individuals to operate ferries, does not vest in the licensee rights superior to the power of the court itself to establish ferries.

**5. License.**—An individual licensed to run a ferry would not be entitled to damages if the Commissioners Court granted license to a rival; therefore, would have no greater right, if, instead of granting license to another, the court provided directly for constructing another ferry.

APPEAL from Gonzales. Tried below before Hon. GEORGE McCORMICK.

*Harwood & Harwood* and *W. W. Glass,* for appellant.—1. The court should not have considered general and special demurrer to first amended original petition out of due order and contrary to rules of pleading. Rule 25 for the Dist. Ct.; O'Neal v. Bank, 64 Texas, 644. The original and amended petitions present the same cause of action; and the court having overruled the general and special demurrers to the original petition, its action was a final judgment, and can not be set aside at a subsequent term of the court by sustaining general and special demurrers to the amended petition, both petitions being same, so far as general demurrer is concerned.

2. The statutory law of Texas does not contemplate nor provide for the operation of a ferry by the Commissioners Court. Carroll v. Campbell, 17 S. W. Rep., 885; Tugwell & Madison v. Ferry Co., 74 Texas, 495; Rev. Stats., title 87, ch. 6; Conway v. Taylor's Exrs., 1 Black, 603.

*W. S. Fly,* for appellee.

JAMES, CHIEF JUSTICE.—The original petition was filed December 7, 1889, by S. R. Burrows, claiming damages for the value of a ferry franchise which had been granted him by the County Commissioners Court of Gonzales County for the year beginning February 11, 1889, and for the value of a ferry boat and expenses incurred by him in complying with the bond required by the county in the premises; alleging, that plaintiff had complied with the law in such cases provided, and that about September of the year 1889 the County Commissioners Court, on a public road previously opened during the year, at a point about fifty yards below petitioner's ferry, established and opened for use a public ferry, and

operated the same, thereby diverting all travel from petitioner's ferry, and utterly destroying his franchises, rights, and property acquired and prepared under his license from said court, and praying for damages accordingly.

The original petition did not contain an allegation that the claim sued on had been presented to the County Commissioners Court. General and special demurrers to it were, however, overruled.

Afterwards, on July 5, 1890, plaintiff filed an amended original petition, which, as stated by appellant's brief, presents the same case as the original petition, without change, except that it alleges that the claim sued on had been presented to the County Commissioners Court at its May Term, 1890, and rejected, and sets up an additional cause of action, accruing since the original suit was filed, in the refusal of the Commissioners Court to renew plaintiff's ferry license, although, as he alleges, he was the owner of the bank on both sides of the river, and entitled under the law to a ferry franchise, and was willing and prepared to comply with the law, and alleges that there was no cause for refusing to renew the license. This petition also alleges, that in February, 1889, the commissioners negotiated with him to purchase his ferry, but the purchase was not consummated. Also, that while the ferry established by the county was called a free public ferry, it was free only for citizens of Gonzales County, toll being exacted from others.

After the filing of the amendment of July 5, 1890, continuances were had by defendant at the July Term, 1890, and January Term, 1891; and at the July Term, 1891, defendant filed its supplemental answer, consisting of general demurrer and special exceptions to the petition of July 5, 1890, and general denial.

The special exceptions were, first, on the ground that the account was shown to have been presented to the Commissioners Court after the suit had been filed; second, to that portion of the petition which sets up damages for $1200 on account of the refusal to renew the license, because the same was too remote, and there is no law requiring the court to grant license for ferries, but it is left discretionary with the court.

The demurrers were sustained and the cause dismissed. The following is the substance of the assignments of error relied on:

1. The court erred in entertaining the demurrers, general and special, because two terms had intervened, and the case had been called for trial at the last preceding term and continued by defendant, and the same were therefore not presented at the proper time.

2. That there being no substantial difference in the original and amended petitions, so far as the general demurrer was concerned, the court having once overruled it, could not at a later term revise its ruling.

3. The court erred in sustaining the general demurrer, as the amended original petition stated a good cause of action.

4. The court erred in sustaining the exception based on the fact that the claim was presented to the Commissioners Court after this suit was filed.

*Conclusions of Law.*—The general and special demurrers to the amended original petition were not filed until the term at which they were disposed of, and the rule 25 relating to District Courts has no application. We do not agree with appellant's counsel, that the action of the court over-ruling a demurrer has any of the qualities of a final adjudication; and it is proper for the trial court at a later term, on renewal of the demurrer, during the pendency of the cause, to revise the former ruling, if erroneous.

The plaintiff's right to sue had not vested when he filed the original petition, as there had been no presentation of his claim to the commissioners. Realizing that difficulty, he afterwards presented the claim, and upon its rejection filed his amended original petition, in which he supplies the necessary allegation, and one of the exceptions invoked the ruling of the court upon the question whether or not such fact, not having existed when the suit was filed, could be introduced by an amendment.

It is unnecessary to discuss the question of whether the amended original petition constituted an amendment to the pleading or a new suit, for defendant voluntarily appeared in reference to it. If it were regarded as the bringing of a new suit, all that defendant could have required was to be cited, and an appearance waived this. This ground as an exception to the petition was not substantial.

The material question is the sufficiency of the pleading on general demurrer. The amended original petition contains all the allegations necessary for plaintiff to maintain his action, provided the damage he alleges is such as the county is liable for.

The law vests in the County Commissioners Court the power, and makes it its duty, to establish public ferries whenever the public interest may require. Rev. Stats., art. 1514. It is asserted by appellant that the statutes of Texas do not contemplate or provide for the operation of a ferry by the County Commissioners Court. We think otherwise. In the case of MacDonell v. Railway, 60 Texas, 594, our Supreme Court says, that the power to establish ferries carries with it the power to do all such acts as may be necessary to construct them; and as their construction would be a useless thing unless they were operated, it also carries the power to operate them. We hold, therefore, that the power to create and operate a public ferry is included in the powers granted the county commissioners, and that court necessarily has general power to provide and maintain the agency by which a ferry may be operated. The mode of establishing and operating ferries is ordinarily through corpora-

tions and individuals, by means of licenses or franchises granted for the purpose, and Revised Statutes, title 87, chapter 6, provides for the granting of these licenses for ferries, and for the regulation of the same. In this manner appellant obtained his license.

The plaintiff's cause of action can have no foundation unless it be that chapter 6, title 87, supersedes the provision in article 1514, or limits the power of the commissioners to one mode of providing ferries, viz., by means of license granted to individuals. We are unable to give it that construction. The power to establish and regulate ferries is a governmental function, to be exercised for the general welfare, and has been by law vested in Commissioners Courts of the several counties of this State. The statute authorizing the granting of licenses by that court would vest in the licensees certain privileges and rights, not superior, however, to the power of the Commissioners Court itself to establish ferries. The rights of a ferryman duly licensed are protected against unlicensed interference, but he is without redress for acts done by the government in the exercise of its power in the establishment of ferries. He would not be entitled to damages in cases where the court sees fit to grant a license to a rival; and we do not perceive how he can have a greater right if, instead of granting the license to another, the commissioners provide directly for constructing another ferry. It is not an unreasonable supposition that individuals might not be found to operate ferries. It is not the expressed intention of the Legislature to circumscribe the powers of the court to establishing ferries through the medium of licenses, and such intention will not be implied. Sutherland on Statutory Construction, speaking on this subject, says: "The object and end of all government is to promote the happiness and prosperity of the people by which it is established; and it can not be assumed that the government intended to diminish its power of accomplishing the end for which it was created. It is therefore never implied that it has surrendered, in whole or in part, any of its sovereign power of legislation for the general welfare, of police, of taxation, or of eminent domain. In its grants of land there is implied no covenant to do or not to do any further act in relation thereto. So in grants of a public franchise to a corporation, as to build and maintain a road or bridge, or to establish a ferry, no contract is implied that it will make no new competing grant." Suth. on Stat. Con., sec. 378.

The license to plaintiff was granted subject to the statutes as they existed, and therefore subject to the power conferred on the Commissioners Court to establish ferries at any time. This consideration and limitation entered into his franchise, and it follows that he had no such right as would be the foundation for damages resulting from the exercise of such power.

That portion of the petition asking damages of the county because the

Commissioners Court refused to renew the license is clearly untenable. Our conclusion is that the judgment was correct, and it is affirmed.

*Affirmed.*

Delivered November 8, 1893.

Justice FLY did not sit in this case.