### MRS. N. A. WILLIAMS v. W. M. HARRISON.

#### Decided December 7, 1901.

**1.—Jurisdiction of County and Justice Courts—Amount—Note—Interest.**

Since the Constitution provides that the county court shall have jurisdiction where the amount in controversy exceeds $200, exclusive of interest, and that justices of the peace shall have jurisdiction where the amount is $200 or less, exclusive of interest, the county court has no jurisdiction on a note for $200 having interest due thereon.

**2.—Same—Pleading—Exhibit—Attorney Fee in Note.**

Where the note sued on contained a stipulation to pay attorney fees, but the promise to pay such fees was not alleged in the petition, the want of such allegation was not supplied by the facts that the note was attached to the petition as an exhibit and referred to therein as such, and the prayer for recovery included the attorney fees.

Error from the County Court of Palo Pinto. Tried below before Hon. W. F. Martin.

*McCall & McCall,* for plaintiff in error.

*W. H. Penix,* for defendant in error.

HUNTER, ASSOCIATE JUSTICE.—The petition in this case was filed in the County Court of Palo Pinto County on November 10, 1900, and alleges "that on the 16th day of January, 1900, defendants executed and delivered to plaintiff their certain promissory note, bearing date on the day and year last aforesaid, hereto attached, marked 'Exhibit A,'

and made a part of this petition, and thereby promises plaintiff to pay him the sum of $200 on or before the 1st day of October next thereafter; that said note is now due, and defendants, though often requested, have never paid the same or any part thereof, to plaintiff's damage $300; wherefore plaintiff prays that he have judgment for his debt, damage, attorney's fees, interest, and costs of suit."

The note attached and made a part of this petition stipulated for interest at the rate of 10 per cent per annum from date thereof until paid, and "for 20 per cent attorney's fees on the amount due on the note, if not paid when due, or if placed in the hands of an attorney, or if sued upon."

Judgment by default was rendered on said petition and note on January 22, 1901, for $264.38, which sum is composed of the following items: $200 principal, $20.33 interest, and $44.05 attorney's fees; and the case is brought here by writ of error upon a question of jurisdiction.

Our Constitution provides that "the county court shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value two hundred dollars and not exceed five hundred dollars, exclusive of interest." Art. 5, sec. 16. It also provides: "Justices of the peace shall have jurisdiction in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest." Id., sec. 19. Our statute follows the Constitution, and fixes the jurisdiction of the two courts in civil cases by the same amounts, exclusive of interest. Rev. Stats., arts. 1154, 1568.

Rule 19 for district courts provides that notes and all other written instruments may be filed with the petition as exhibits, and referred to and made a part of it, "but will not thereby relieve the pleader from making the proper allegations of which said exhibits may be the evidence in whole or in part." In Burks v. Watson, 48 Texas, 114, Chief Justice Roberts said the puropse of an exhibit is to set forth in detail that which the pleading has in more general terms alleged, but not to supply entirely the omission of allegations necessary to present a good cause of action. An exhibit to the petition, therefore, may be said to be made in aid or in elucidation of allegations; but it does not by itself constitute allegations upon which issues may be formed, irrespective of the allegations made in relation to it." See also Guadalupe County v. Johnston, 1 Texas Civ. App., 713; Macdonald v. Railway, 60 Texas, 594; Seastrunk v. Loan Co., 34 S. W. Rep., 466, and cases cited. These cases but declare the elementary principles of pleading. That part of the note which stipulates for attorney's fees is not declared on in the petition, and the prayer for such fees is not of itself sufficient to supply the want of an allegation of a promise to pay them. The matter in controversy in this case was $200, exclusive of interest, and the county court had no jurisdistion thereof.

The judgment is reversed and the cause dismissed.

*Dismissed.*