LANIUS v. PEOPLE'S HOME TELEPHONE CO.

(Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1913. Rehearing and Request to Certify to Supreme Court Denied Nov. 8, 1913.)

1. APPEAL AND ERROR (§ 78*)—JUDGMENTS APPEALABLE—INTERLOCUTORY JUDGMENT.

Plaintiff telephone company sued defendant in a justice court for telephone service, and defendant pleaded in reconvention in the justice court a claim for damages amounting to $36.50, which on appeal to the county court was raised to $151.50. The telephone company filed numerous exceptions to the whole plea in reconvention, which were sustained and judgment rendered for it on its open account, and defendant attempted to appeal only from the part of the judgment rendered on the exceptions, and not from the judgment on the open account. Held, that the sustaining of the exceptions to the plea in reconvention did not dispose of the plea, and the judgment, being therefore interlocutory, was not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. § 78.*]

2. APPEAL AND ERROR (§ 719*)—ASSIGNMENT OF ERROR—NECESSITY—FUNDAMENTAL ERROR.

That the judgment appealed from is interlocutory, and hence not appealable, is fundamental error, which may be reviewed though not assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

Appeal from Cooke County Court; C. R. Pearman, Judge.

Action by the People's Home Telephone Company against G. L. Lanius. From part of a judgment in favor of plaintiff, defendant appeals. Dismissed.

Stuart, Bell & Moore, of Gainesville, for appellant. Granville Jones, of Gainesville, for appellee.

HENDRICKS, J. In this cause the appellee, the People's Home Telephone Company, sued the appellant, Lanius, in the justice court, upon open account, for telephone services, which account the latter admitted, except in so far as the same was defeated, in whole or in part, by the facts alleged in what he terms an offset or reconvention, alleging a negligent failure of the telephone company to render specific telephone services, also averring a part payment of the account. Upon appeal to the county court, the defendant, Lanius (appellant here), interposed the same form of plea, by amendment, consisting of the same items pleaded in the justice court, the plea enlarged, however, by alleging a violation of contract in failing to render generally certain telephone service for certain periods, increasing his demand in reconvention from $36.50 in the justice court to $151.50 in the county court. On account of this increase the appellee telephone company moves to dismiss the appeal in this court on the alleged jurisdictional ground that the amount litigated in the justice court was not within the jurisdiction of this court on appeal, and could not be increased in the county court by that additional amount, and further claiming that the increase was a different and new cause of action in the county court from that pleaded in the justice court. Numerous special exceptions were interposed by the telephone company to the whole plea in reconvention in the county court, which were sustained; judgment was rendered for the telephone company upon the open account pleaded against the defendant, Lanius, and appellant, Lanius, attempts to appeal to this court from that part of the judgment rendered only upon the demurrers, and not from the judgment upon the open account. The matter of the appeal, based upon a part of the case, excluding the judgment rendered against Lanius upon open account, is not assigned or briefed, and we pretermit any discussion of that question at this time.

[1, 2] However, the judgment of the county court, sustaining the special exceptions to appellant's plea in reconvention, does not, in any manner, dispose of the plea in reconvention; such an omission leaves the judgment of the county court in an interlocutory condition, and, a final judgment not appearing in this record, it is fundamental that this court is without jurisdiction to render any judgment whatever, although the question is unassigned. Texas Land, etc., Co. v. Winter, 93 Tex. 560, 564, 57 S. W. 39, reversing 54 S. W. 802; Boren v. Jack, 73 S. W. 1061; State v. Trilling, 57 S. W. 311; Dixon v. Sanderson (Sup.) 6 S. W. 831; Burrows v. Gonzales County, 5 Tex. Civ. App. 232, 23 S. W. 829.

The appeal is dismissed.