## TEXAS & N. O. RY. CO. v. SIEWERT.

(Court of Civil Appeals of Texas. Galveston. Jan. 7, 1914. Rehearing Denied Feb. 5, 1914.)

1. **APPEAL AND ERROR** (§ 1003*) — REVIEW — FINDING OF FACT.

An implied finding of a verdict, depending on the giving of credit to plaintiff's testimony, rather than to that of two others, as to how he was walking at the time of the accident, cannot, on appeal, be said to be so against the great weight and preponderance of the evidence as to be manifestly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

2. **MASTER AND SERVANT** (§ 228*)—INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE — STATUTES.

Employers' Liability Act (Rev. Civ. St. 1911, arts. 6648, 6649), declaring an operator of a railroad liable for injury to any employé in part from negligence of employés, any contributory negligence of his merely diminishing the recovery, applies to a helper in the railroad shops.

[Ed. Note.—For other cases, see Master and Servant, Cent.Dig. §§ 670, 671; Dec.Dig. § 228.*]

3. **MASTER AND SERVANT** (§ 286*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

Evidence in an action against a railroad for injury to an employé in its shops from the falling of a locomotive spring from the hole in a block, when he was going along a narrow passageway, *held* sufficient to raise the issue of negligence, proximately causing the injury, in allowing the spring to be placed and remain in the hole unwedged and unsecured.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

4. **APPEAL AND ERROR** (§ 1170*)—HARMLESS ERROR—SUBMISSION OF ISSUES.

Under rule 62a (149 S. W. x), prohibiting reversal for error of law in the course of the trial, unless the appellate court be of opinion that it amounted to such a denial of rights as was reasonably calculated to, and probably did, cause rendition of an improper judgment, submission of grounds of negligence in support of which no evidence was offered does not require reversal; the jury being told they could find for plaintiff thereon only if they "believe from the evidence" defendant was guilty in such respects; it being presumed the verdict for plaintiff was on other grounds of negligence that were proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by F. C. Siewert against the Texas & New Orleans Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, and Wm. A. Vinson, all of Houston, for appellant. Thomas B. Lewis, J. S. Ford, and C. W. Kinard, all of Houston, for appellee.

McMEANS, J. F. C. Siewert brought this suit against the Texas & New Orleans Rail-

way Company, the Galveston, Harrisburg & San Antonio Railway Company, and the Houston, East & West Texas Railway Company to recover damages for personal injuries sustained by him through the negligence of defendants. The plaintiff alleged that he was employed by the defendant as a helper and blacksmith's assistant in the shops in the city of Houston, but his particular employment on the day of his injury was the painting of steel spring leaves; that in the course of his employment it became necessary for him to pass through and return through the shop, in order to get a drink of water; that he had to walk through a passageway, which was about five feet wide; that there was lying partly across the passageway a wooden block about 10 inches by 12 inches wide and about 3 feet long; that this block had a hole in the top of it, which was originally square, in which hole one end of a locomotive spring had been placed in a careless and improper manner, and was standing therein unwedged and unsecured; that the spring was about 3½ feet in length, and was constructed of a number of leaves placed one upon the other; that the block was lying in the passageway opposite to a large hydraulic press; that connected to the side of the press next to the passageway and opposite the block were two levers, and when said press was not in use they extended about 6 inches into the passageway, leaving only a clear space of about 18 inches between the levers and the block; that, as the plaintiff returned along said passageway after getting a drink of water, he stumbled and fell near said block, and the iron spring fell off the block upon his right hand, badly mashing, crushing, and bruising it. Plaintiff further alleged that about 15 feet from the block was a large steam hammer, weighing about 1,000 pounds, and that when the same was in operation it jarred and shook and caused the shop and earth for a distance of about 50 feet around the hammer to vibrate; that the block had been in use for a long time, and the sides of the holes originally cut square, had become worn, and in some degree rounded, so that it would not hold a locomotive spring as safely and securely as when the block was new and originally in use. The acts of negligence charged against the defendants were alleged as follows: "That defendants were negligent in allowing the passageway to be so obstructed by said block; and were further negligent in using said block after the hole in same had been worn and rounded, and were further negligent in permitting said block with spring in same to remain within the zone affected by the shock and jar and vibration caused by the operating of said hammer, and were further negligent in allowing said spring to be placed in and to remain in said hole in said block unwedged and unsecured. That the end of said spring should have

been placed in said hole in said block, and securely fixed and held therein by wedges placed between the said spring and the walls of said hole, or otherwise secured; and that, if said spring would not have then been held securely in place, the sides of said hole should have been squared; and that if that had been done, and the said spring placed in said block and securely fixed and held therein by wedges placed as aforesaid between the said springs and walls of said hole, as it was the custom so to do, or otherwise secured, the said spring could not and would not have fallen. But all these things the defendants carelessly and negligently failed to do. That plaintiff did not know that the hole in said block was so worn that it could not safely and securely hold said spring, nor did he know that said spring was unwedged and insecurely and unsafely held in said hole, but all of these facts were known to defendants, or would have been known to them by the exercise of ordinary care, and plaintiff alleges that he relied upon defendants performing their duty to him to furnish him a reasonably safe place in which to work, and reasonably safe ways about the said works, and that if defendants had done so, as it was their duty so to do, plaintiff would not have been injured, but that defendants carelessly and negligently wholly failed in their duty to plaintiff to do so, as hereinbefore alleged." The defendants answered by general denial and pleas of contributory negligence and unavoidable accident. The case was tried before a jury and resulted in a verdict and judgment in favor of plaintiff against the Texas & New Orleans Railroad Company for $10,000 and against plaintiff in favor of the other defendants. From the judgment against it the defendant Texas & New Orleans Railroad Company has appealed.

The evidence in the record justifies the following fact findings: Plaintiff was in the employment of defendant in the capacity of blacksmith helper; but on September 18, 1912, the date of his injury, he was engaged in painting steel springs. On that day, desiring to get a drink of water, he proceeded to where the water was kept; and in doing so he had to pass through a passageway through defendants' shops which was provided by defendants for its employés, and which passageway was about 5 feet wide. On the day in question there was a wooden block lying partly across the passageway. This block was about 12 inches wide, 10 inches high, and 3 feet long. In the upper side of this block there was a square hole into which one end of a locomotive spring, during the process of its manufacture, could be placed, thus holding the spring in a vertical position while the various leaves, of which the spring was made, were being clamped and bolted together and while iron bands were being placed around them. While the making of springs

163 S.W.—40

was in process, the block always sat in the passageway, but when not it was usually set aside and out of the way. Whether the block was being used on the day plaintiff was hurt was in dispute, the plaintiff testifying that it was not, while certain of defendants' employés testified that it was; but whether it was not we think it immaterial in the view we take of the case. The block lying across the passageway left, on one side of it and between it and a hydraulic press, an open space or passageway of only 12 or 16 inches, and approximately a like distance between the block and an anvil on the other side. The block had been in this position for three days, and during this time, or at least the entire day up to the time plaintiff was hurt, a locomotive spring, weighing, as estimated by plaintiff, 250 pounds, and, by employés of defendant, 140 pounds, had been resting vertically on the block, one end being inserted in the hole to hold it in an upright position, but was not otherwise fastened in the hole or made secure or connected with the block. Plaintiff in going after water passed between the block and the press. He had passed it once or twice before on that day, and knew the block was there and that the spring was standing on it, but did not know that it was not fastened in the hole. On his return, after getting a drink of water, plaintiff attempted to walk between the block and the press, and in doing so his foot hit the block, or "hooked" the block, as he expressed it, causing him to stumble and fall forward upon his hands, and the jar of his foot against the block caused the spring to fall out of the hole and off of the block, and in falling it fell upon plaintiff's hand, thereby causing the injuries for which he sues. There was some testimony offered in behalf of defendant to prove that the jar caused by plaintiff in coming in contact with the block turned the block over, and thus caused the spring to fall; but the testimony of plaintiff and one of defendant's witnesses, Ollie James, was that the block did not turn over and that the spring fell out of the hole; and in deference to the verdict we find their testimony to be true. We further find that ordinary care on the part of defendant toward its employés using the passageway required that the spring should be fastened or secured in the hole so that it would not fall when jarred to such a slight extent that the jar would not turn the block over, and we find that the spring was not so fastened or secured, and that the omission of this care on defendant's part was the proximate cause of plaintiff's injury.

[1] Appellant by its first assignment of error contends that the verdict of the jury is contrary to the law and against the great preponderance of the testimony, in that the great preponderance of the evidence shows that at the time of his injury the plaintiff was walking backwards, or nearly so, without looking where he was walking, with his attention fixed in a direction other than where he was walking, and thus walked back against the block and spring and caused same to turn over and fall, the latter falling upon his hand and injuring him, and thus shows he was guilty of contributory negligence.

It might be a sufficient answer to this assignment to say that, even if it was indisputably shown that plaintiff was injured as the result of his contributory negligence, he, falling in the class of railroad employés protected by the Employers' Liability Act, would not be barred of recovery, although the amount of his recovery should be diminished in proportion to the negligence attributable to him. As to him the defense of contributory negligence, while recognized by the statute, is a qualified defense and not absolute. We will discuss this question more fully in disposing of a succeeding assignment of error. But waiving this answer for the present, we think the assignment cannot be sustained. It was shown that near the passageway was a steam hammer, and that when plaintiff was returning to his work after getting a drink of water, this hammer was in operation. Two of the defendant's employés testified that plaintiff, before he reached the point where the block and spring were, was looking at or toward the hammer and was backing away from it and toward the block and spring, and that just as he reached the latter he turned and tripped upon the block and fell, causing both the block and spring to turn over and the spring to fall, and the latter to fall on his hand. Another of defendant's employés, Ollie James, testified substantially to the same effect, with the exception that the block did not turn over but only tilted. On the other hand, plaintiff testified that he was looking in front of him as he walked, that he saw the block and spring, and in attempting to pass in the narrow space between the press and the block his foot "hooked" the block, and that he stumbled over it and fell. It is the province of the jury to pass upon the credibility of the witnesses, and when they have done so this court will not ordinarily disturb their findings. The testimony of plaintiff, if true, was sufficient to refute the contention of defendant that he walked backward against the block and spring, without looking where he was walking. The jury, by their verdict, say he told the truth in this regard, and this court cannot say that their conclusion was so against the great weight and preponderance of the testimony as to be manifestly wrong. Railway v. Bright, 156 S. W. 310; Railway v. Rowell, 45 S. W. 766; Railway v. Holland, 27 Tex. Civ. App. 397, 66 S. W. 68; Railway v. Lee, 69 Tex. 560, 7 S. W. 324. The assignment is overruled.

[2] The defendant requested the court to instruct the jury as follows: "Under the undisputed evidence the plaintiff is not entitled to recover, and you will therefore return your verdict for defendant." The refusal to give this charge is made the basis of the

second assignment of error. In its first proposition under the assignment appellant contends that under the undisputed evidence the plaintiff was guilty of contributory negligence proximately causing his injuries, and therefore the court should have instructed the jury to return a verdict for the defendant. It is argued that whether the plaintiff was injured by backing into the block, as testified to by defendant's witnesses, or by walking into it as claimed by him, he was, in either event, guilty of contributory negligence and was not entitled to recover. This case seems to have been tried upon the theory that the defense of contributory negligence of plaintiff was a complete defense, and barred plaintiff of any right of recovery. In our opinion this theory is incorrect, because it seems to us that the rule of recovery in cases of this kind is governed by articles 6648 and 6649, Revised Statutes 1911 (Acts 1909, p. 279), commonly known as the Employers' Liability Act. The statute in so far as it affects the question under consideration is as follows:

"Art. 6648. Every corporation, receiver, or other person operating any railroad in this state, shall be liable in damages to any person suffering injury while he is employed by such carrier , operating such railroad; * * * resulting in whole or in part from the negligence of any of the officers, agents or employés of such carrier. * * *

"Art. 6649. In all actions hereafter brought against any such common carrier or railroad under or by virtue of any of the provisions of the foregoing article * * * to recover damages for personal injuries to an employé, * * * the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé. * * * *"

The articles of the statute in question were construed by this court in Houston & Texas Central Railroad Co. v. Bright, 156 S. W. 304 (writ of error refused), and it was held that they applied to the case of an employé of a railroad company who sustained personal injuries while employed as a bridge worker, and whose injury was caused by the negligence of the railroad company in failing to furnish to plaintiff a clawbar that was reasonably safe for use, and in furnishing one that was defective. If applicable to the facts of that case they are applicable here, and, this being true, the court would not have been justified in giving the peremptory instruction to find for defendant on the theory that his contributory negligence, as a matter of law, barred a recovery. In discussing the statute in a case where a question of similar import was raised, this court in St. Louis, Brownsville & Mexican R. Co. v. Vernon, 161 S. W. 84 (opinion filed October 30, 1913, but not yet officially reported), says: "The act itself does not abolish the defense of contributory negligence, but recognizes it. True, the de-

fense is a qualified one; but to the extent it is allowed and recognized it is perfect. It will not allow the defendant to escape all the consequences of its wrong, merely because the plaintiff has contributed thereto by his wrong; but it requires a defendant to respond in damages for all the injuries its wrong inflicts, less the proportion thereof that the plaintiff contributes thereto by his negligence."

[3] By a second proposition under the second assignment appellant contends that, the undisputed evidence having shown that the defendant was not guilty of any negligence proximately causing the plaintiff's injury, the jury should have been instructed to return a verdict for defendant.

Plaintiff alleged several grounds of negligence on the part of defendant as proximately causing his injuries, among others being an allegation in effect that the defendant allowed the spring to be placed and remain in the hole in the block unwedged and unsecured, that it should have been securely fixed and held therein by wedges or otherwise secured, and that if it had been so secured the spring could not and would not have fallen, and that defendant by not so securing the spring was guilty of negligence proximately causing his injuries. If these allegations were substantially proved, we think the issue of defendant's negligence as a proximate cause of plaintiff's injury was raised. Plaintiff on this issue testified that the spring, the fall of which injured his hand, "was not connected with the block at that time." He also testified that the block did not turn over when the spring fell. He is corroborated by defendant's witness, Ollie James, who testified that when the spring fell the block did not turn over but only tilted. There was no testimony offered on the part of the defendant to prove that the spring had been fixed or secured in the hole in any way. We think that the uncontradicted statement of plaintiff that the spring was not connected with the block at the time it fell, together with his further testimony that the falling of the spring did not turn the block over, and which testimony is corroborated by the testimony of one of the defendant's witnesses, was sufficient to raise the issue of defendant's negligence in the regard alleged, and, if this is so, clearly the requested charge should not have been given. The second assignment is overruled.

What we have said in disposing of the second assignment sufficiently disposes of the third adversely to appellant's contention.

[4] Among the grounds of negligence charged by plaintiff in his petition were these: That the defendant was negligent in using said block after the hole in same had been worn and rounded; in not squaring the sides of the hole in which the spring was placed; and in placing and leaving the block and spring in the zone affected by the operation

and jarring of the steam hammer. There was no evidence offered to prove negligence of defendant in regard to any of these allegations; but, notwithstanding this, the court instructed the jury that if they believed from the evidence that the defendant "was guilty of negligence in the manner particularly set out in plaintiff's petition," and that such negligence was the proximate cause of plaintiff's injuries, to find for plaintiff unless they found for defendant upon other issues thereafter submitted in the charge. The charge is assailed by the fourth assignment of error; the complaint being that the charge was not justified by the evidence and therefore it was error to give it.

If appears that no evidence was offered in support of the grounds of negligence above referred to, but it does not follow that the error in giving the charge was so prejudicial as to require a reversal of the judgment. The charge explicitly informed the jury that they must "believe from the evidence" that the defendant was guilty of the negligence particularly charged in the petition. As shown in discussing previous assignments, there were grounds of negligence charged that were proved. It must be presumed that the basis of the verdict was the proven allegations of negligence and that a jury of ordinary intelligence, which this jury must be presumed to be, would not be misled by the charge to conclude and find in favor of plaintiff upon allegations upon which no proof was offered. The giving of the charge was clearly erroneous; but we are of the opinion that the error complained of did not amount to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 62a (149 S. W. x). In Kirby Lumber Co. v. Cunningham, 154 S. W. 288, a charge similar to that here objected to was given, and this court held it was error and reversed the judgment of the trial court for that and several other errors discussed in the opinion. At the time of the rendition of that decision, Rule 62a had but recently gone into effect and was not considered by this court in reaching the conclusion that the error in the charge required a reversal. Under the rule referred to, a reversal is not authorized unless the court shall be of the opinion the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. In the case referred to it is said: "We are unable to say that this was mere abstract, and not prejudicial, error." Thus is appears we followed the general rule formerly in vogue, which required a reversal for errors which the appellate courts could not say were not prejudicial. Under the present rule we must be able to say that the error complained

of was probably prejudicial. As before shown, we cannot say that the error complained of was calculated to cause, and probably did cause, the rendition of an improper judgment. The first, third, fourth, fifth, and sixth propositions under the assignment are overruled. The second proposition is disposed of in the discussion of other assignments.·

The fifth, sixth, and seventh assignments are sufficiently disposed of in the disposition made of other assignments hereinbefore discussed, and are overruled.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.