EARL v. BAKER et al. (No. 7079.)

(Court of Civil Appeals of Texas. Galveston. March 2, 1916.)

1. COURTS ⬥30—TEXAS—DISTRICT COURT—JURISDICTION.

Under Const. art. 5, § 8, giving the district court original jurisdiction of all suits for trial of title to land and for enforcement of liens thereon, the district court does not, where suit is in good faith brought to enforce a lien on land, lose jurisdiction because it develops on trial that there is no lien and the amount involved is less than $500, which is the jurisdictional limit of that court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 119–128; Dec. Dig. ⬥30.]

2. APPEAL AND ERROR ⬥1172(3)—REVERSAL—EFFECT.

In a materialman's suit to enforce his lien and recover for the materials, where the district court improperly dismissed the suit upon it appearing that the materialman was entitled to no lien, the amount involved being less than $500, that portion of the judgment holding that there was no lien, not having been complained of on appeal, will not be disturbed, though the rest of the judgment will be reversed, rule 62a for Courts of Civil Appeals (149 S. W. x), declaring that if an error affects only a part of the matter in controversy and the issues are severable, the judgment shall be reversed only as to the part affected by the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4557, 4558; Dec. Dig. ⬥1172(3).]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by F. H. Earl against W. E. Baker and others. From a judgment for defendants, plaintiff appeals. Affirmed in part, and in part reversed and remanded.

P. Harvey, of Houston, for appellant. Townes & Vinson, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against appellees, W. E. Baker, J. B. Murdock, and S. T. Deason, to recover the sum of $327.84, alleged to be due him by appellees, and to foreclose an alleged materialman's lien to secure said sum on lot 2 in block 4, Hyde Park addition to the city of Houston.

Plaintiff's petition alleges in substance that plaintiff at the special instance and request of defendants had furnished lumber and building material of the value of $802.44, which was used by the defendants Deason and Murdock in the construction of a residence upon the lot before mentioned which was owned by the defendant Baker, and that there remained due and unpaid on the agreed purchase price of said lumber and material the sum of $327.84.

Plaintiff also alleged that at the time the material was furnished by the plaintiff to Deason and Murdock—

"the said Baker agreed with and informed plaintiff that if he would furnish said lumber and material to said Deason and Murdock to be used in the construction of said house that he (the said Baker) would pay plaintiff therefor, and plaintiff alleges that he furnished said lumber and material to said Deason and Murdock on the faith of the statement and promise of said Baker that he would pay for said lumber and material."

It is further alleged that plaintiff had, within the time prescribed by the statute, presented an itemized account of his claim and had filed a verified copy of said account prepared in accordance with the provisions of the statute providing for the fixing of materialmen's liens. The prayer of the petition was for the recovery of the amount sued for against all of the defendants and for the foreclosure of plaintiff's lien upon the property before described.

The defendant Baker, joined by his wife, filed an answer in which he alleged that he was a married man and the head of a family at the time the contract was made with Deason and Murdock for the construction of the house; that the property against which the foreclosure of a lien was sought was bought with the proceeds of the sale of his former homestead in the city of Houston; that the contract for the construction of the house was neither signed nor privily acknowledged by his wife; and that the plaintiff therefore had no lien upon said property. He also specifically denied that he had ever promised or agreed to pay the plaintiff the balance or any other sum.

Plaintiff by supplemental petition denied the homestead character of the property.

The judgment recites that the matters in controversy—

"of fact as well as of law were submitted to the court," and that upon due consideration "on this the 4th day of September, A. D. 1914, in open court (the court) announced his opinion to the effect that whereas the plaintiff's cause of action is for the recovery of the sum of $327.84 against the defendants jointly and severally, and for the foreclosure of an alleged materialman's lien against the defendant W. E. Baker on lot No. 2 in block 4 of the Hyde Park extension to the city of Houston, Harris county, Tex., belonging to the defendant W. E. Baker, which lien the court is of the opinion and here finds does not exist, and is not a valid and subsisting lien, and without which the court has no jurisdiction to further hear and determine this cause: It is therefore, ordered, adjudged, and decreed by the court that this cause of action by the plaintiff F. H. Earl against the defendants, W. E. Baker, S. T. Deason, and J. B. Murdock, be and the same is hereby dismissed for want of jurisdiction of this court to hear and determine the same."

The only assignment of error contained in appellant's brief complains of the judgment of the court dismissing plaintiff's suit for want of jurisdiction.

[1] The proposition submitted under this assignment is as follows:

"Const. art. 5, § 8, gives the district court 'original jurisdiction * * * of all suits for trial of title to land and for enforcement of liens thereon'; and where a suit is brought in a district court, in good faith, to enforce a lien on land, the fact that it develops upon trial that there is no lien, will not deprive the court of jurisdiction to give the parties relief, even though the amount involved be less than $500."

This is a sound proposition and the assignment must be sustained. Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881. The rule is otherwise if the allegations of the petition asserting the lien are insufficient; in such case the jurisdiction of the court would depend upon the amount in controversy and upon sustaining exceptions to such allegations, if plaintiff does not amend, unless the amount in controversy is within the jurisdiction of the court, the cause should be dismissed. Telegraph Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8.

[2] No complaint is made of the finding of the trial court against plaintiff's claim of a lien, and that portion of the judgment should not be disturbed. Rule 62a for the Courts of Civil Appeals (149 S. W. x) provides:

"If it appear to the court that the error (complained of) affects a part only of the matter in controversy and the issues are severable the judgment shall only be reversed and a new trial ordered as to that part affected by such error."

The case presented by this record comes clearly within this rule. Johnson v. Conger, 166 S. W. 406.

It follows from these conclusions that that portion of the judgment of the court below finding against plaintiff's claim of lien should be affirmed, and that portion of the judgment dismissing plaintiff's suit for recovery of the amount claimed by him against all of the defendants should be reversed, and the cause remanded for a new trial upon such claim; and it has been so ordered.

Affirmed in part. Reversed and remanded in part.