**HARRELL et al. v. NALLE.**   (No. 8976.)

Court of Civil Appeals of Texas.   Galveston.
March 30, 1927.

Rehearing Denied April 21, 1927.

1. **Appeal and error** ⚖⇒1214—**Where case was remanded, with instructions to retry cause on cause of action set up in second count, court did not err in excluding evidence in support of first count (Rules of Courts of Civil Appeals, § 62a).**

Where cause was remanded by Court of Civil Appeals with instructions to retry cause only on cause of action set up by defendants in second count of their cross-bill, court did not err in refusing to permit them to offer evidence in support of first count in their amended cross-bill, in view of rules for guidance of Courts of Civil Appeals, § 62a.

2. **Appeal and error** ⚖⇒1198—**Trial courts must obey mandates of appellate courts on retrial of causes remanded.**

On retrial of causes remanded, trial courts must obey mandates of appellate courts.

3. **Sales** ⚖⇒181(11)—**Admission in answer and evidence showing delivery to defendants held to support judgment for amount sued for for goods sold and delivered.**

Admission in defendants' answer, on which they went to trial, and in their brief, that items for which plaintiff sued were delivered, and testimony of one of defendants that goods were delivered to defendants, *held* sufficient to support judgment for plaintiff for amount sued for for goods alleged to have been sold and delivered at defendants' special request.

4. **Sales** ⚖⇒359(1)—**Jury finding that defendants suffered no loss by plaintiff's failure to deliver woods called for by order accepted held contrary to undisputed evidence.**

Jury's finding that defendants suffered no loss by reason of plaintiff's failure to deliver woods called for by order which plaintiff had accepted *held* contrary to undisputed evidence that no part of order was ever delivered to defendants, and that defendants had to buy on open market woods at much higher price than that at which plaintiff had agreed to deliver them in order to fill orders for desks.

5. **Interest** ⚖⇒66—**Prayer for interest held to support judgment for interest on account sued on.**

Where original petition alleged that goods were sold and delivered to defendants on December 21, 1918, and prayer was for judgment for plaintiff's debt, interest, and costs, and supplemental petition prayed for judgment for claim, with interest from January 1, 1919, as prayed for in original petition, allegations *held* sufficient to support judgment for interest on account sued on from January 1, 1919.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit by Ernest Nalle, doing business under the name of Nalle & Co., against Ed. H. Harrell and another, copartners, in which defendants filed a cross-action. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed and remanded in part.

See, also, 254 S. W. 1027.

Wolters, Blanchard, Woodul & Wolters, of Houston, for appellants.

H. H. Cooper, of Amarillo, and C. F. Cornell, of Dallas, for appellee.

LANE, J. This suit was brought by appellee, Ernest Nalle, doing business under the name of Nalle & Co., against C. H. Myers & Co., a copartnership composed of Ed. H. Harrell and J. H. Smith, and for cause of action the plaintiff alleged that on or about the 21st day of December, 1918, at the special request of the defendants, he sold and delivered to them certain goods, wares, and merchandise "described in Exhibit A attached to his petition," for which they promised to pay on delivery thereof the several sums charged therefor as shown in said exhibit—a total sum of $1,337.50.

The exhibit attached is as follows:

"Nalle & Co.

"Quotations subject to change without notice. Settlement required on completion of each contract. Also agreements are contingent upon strikes, accidents, and other delay unavoidable or beyond our control.

"Manufacturers of All Kinds of Mill Work.

"Lumber Yard and Planing Mill.

"Exhibit A.

"Factory and Showrooms, 601 to 623 East Sixth Street.

"Austin, Texas, Feb. 17, 1920.

"Sold to Messrs. C. H. Myers & Co., Houston, Texas.

"Terms: 1918 car C. G. W. No. 25942.

| Dec. 21. | To 59 desks No. 3 @ $2.05 | $ 120 95 |
|---|---|---|
| | 57 desks No. 4 @ $2.05 | 116 85 |
| | 93 desks No. 5 @ $2.00 | 186 00 |
| | 8 rears No. 3 @ $1.55 | 12 40 |
| | 7 rears No. 4 @ $1.55 | 10 85 |
| | 10 rears No. 5 @ $1.50 | 15 00 |
| | 457 rears No. 2 @ $1.65 | 754 05 |
| | 457 tablet arms @ $.20 | 91 40 |
| | 2 tables 30x48, 1¼, 2 drawers.. | 30 00 |
| | All ¼ white oak natural | |
| | | $1,337 50 |

"Shipped to George Tarrant, Granbury, Hood County, Tex."

The petition was verified in manner and form as required by law for suits upon verified accounts.

By their answer filed September 23, 1920, the defendants admitted the justness of the plaintiff's account as alleged, but by cross-action sought to defeat the same upon the following alleged grounds: First, that they had a contract with the plaintiff, by the terms of which he was to furnish them all the

woods for school desks needed by them for their trade during the season of 1920; second, that, if mistaken in the foregoing count, then they say, in the alternative, that plaintiff accepted from them specific orders for school desk woods at an agreed price, agreeing to make delivery thereof at times designated in such orders; and, third, that plaintiff wholly failed to complete his contract with them to their damage, etc.

Upon trial before a jury the court refused to submit to the jury the question as to whether defendants were entitled to a recovery upon their cross-action, but instructed the jury to return a verdict for the plaintiffs. Such verdict was returned, and judgment for the plaintiff was rendered for the sum of $1,337.50.

Upon appeal from such judgment by Harrell and Smith, the Court of Civil Appeals at Beaumont held that the court correctly instructed a verdict against appellants on their first count; but that by their evidence they raised the issue that they had filed with appellee certain specific orders for desks which were accepted by him and which he agreed to fill under conditions constituting a contract. The court also held that the undisputed evidence showed that appellee refused to fill all of such specific orders, except the one constituting the basis for his suit, and for which he recovered the sum of $1,337.50. The court held that under such circumstances the trial court erred in taking the issue last named from the jury, and upon such holding reversed and remanded the cause, with instructions to the trial court to render judgment in favor of appellee for the sum of $1,337.50, the amount sued for, less such sum as may be found for appellants upon the second counts of their cross-petition.

After reversal of the cause, to wit, on the 26th day of January, 1926, appellants filed their second amended answer and cross-action, by which they denied generally the allegations of the plaintiff's petition, and, becoming actors, renewed their allegations set out in their original cross-bill, and prayed that, upon final hearing, they be awarded judgment against the plaintiff for the sum of $1,429.25, less such sum as may be found that they owed plaintiff for the goods delivered to them, and, in the alternative, that they have judgment for $1,089.20, to be offset, however, by any recovery which might be awarded to the plaintiff.

By supplemental petition filed by the plaintiff on the 30th day of January, 1926, he excepted to so much of defendants' cross-bill as seeks to further call in question defendants' liability for the purchase price of the goods delivered, judgment for which had been rendered in the trial court and affirmed by the Appellate Court.

In further reply to defendants' cross-bill,

he denied generally all the allegations thereof, and specially averred that the allegations in defendants' second count show that orders were made by defendants upon plaintiff for the manufacture or construction of certain desk woods for the benefit of the defendants, and that same were to be manufactured out of white oak, and no other or different material; that plaintiff, owing to conditions arising by reason of the United States being engaged in war, and the United States confiscating and appropriating all white oak timber, was unable to furnish the same, and defendants were unable to procure the same from any other source, and plaintiff says that, if defendants supplied said orders from any other source, they supplied same from other woods and by different materials, and not by white oak woods of any kind or character; that defendants, in filling of said orders and the substitution of other and different woods, ought not to recover any damages as against plaintiff by reason hereof, for this, that the defendants realized as much profit from the filling of said orders and the sale of said desks by the use of said substituted woods as they could have or would have realized by the delivery of the said white oak timber and woods that were ordered from plaintiff, and the defendants realized as much profit from the delivery and sale of said desks under such substituted woods as could or would have been realized from the sale of the said white oak timber, and suffered no injury or damage by reason of plaintiff's failure to supply said white oak timber.

The cause was tried before a jury upon a single special issue. In obedience to the mandate of the Court of Civil Appeals, the court submitted to the jury but one issue; it being the only one involved in the second count of appellants' cross-bill. Preceding such special issue, the court instructed the jury that the measure of damages, if any, was the difference between the price at which the plaintiff agreed to furnish the defendants quarter-sawed oak wood for school desks and rears for Nos. 1, 2, 3, 4, and 5 desks called for in defendants' requisition No. 540, and the price at which defendants might or did supply themselves with other woods for desk and rears called for in said requisition No. 540. The one special issue submitted is as follows:

"What damage, if any, did the defendants suffer by reason of plaintiff's failure to deliver the woods for Nos. 1, 2, 3, 4, and 5 single desks and rears called for in defendants' requisition No. 540, dated 9/11/18 and addressed to plaintiff, and which was accepted by plaintiff. Let your answer be in dollars and cents as you find the facts to be."

Answering such special issue, the jury found there were no damages. Whereupon the court rendered judgment for the plaintiff,

Nalle, against the defendants for the sum of $2,196.91, same being the principal sum of $1,337.50 sued for by plaintiff, with 6 per cent. interest per annum thereon from the date of delivery of the goods to the defendants under their first order, to wit, January 1, 1919, to the date of judgment, and that defendants take nothing by their cross-action and counterclaim. The defendants have appealed.

That a discussion and disposition of the several contentions of appellants for a reversal of the judgment may be clearly understood, we deem it necessary to at this point state the following facts, to wit:

Appellants, by letter to appellee, requested him to give them prices on carload lots of lumber for making school desks. In reply to such request, appellee, on the 24th day of April, 1918, wrote the appellants saying:

"We will be pleased to furnish you with same as above f. o. b. cars Austin, Tex., in quarter sawed white oak finished natural, as follows:

Desks Nos. 1 and 2.............................. $2 20 each
Rear for desks Nos. 1 and 2................ 1 65 each
Desks Nos. 3 and 4.......................... 2 05 each
Rear for desks Nos. 3 and 4................ 1 55 each
Desks No. 5.................................... 2 00 each
Rear for desk No. 5........................... 20 each
Tablet arm rests

"In the event you wish the curved seats and backs on both sides of desks Nos. 1, 2, 3, 4, and 5 to fit cast iron standards instead of steel, add $0.25 to the above price.

"We have figured this material out for these desks at as low prices as they can be consistently done in the proper manner, and trust that these figures will meet with your approval, and that you can favor us with an order for a quantity of the same to be gotten out within the balance of this year.

"We will send you an estimate on the desks and wardrobes within the next day or so.

"Hoping to hear from you further regarding this material, we remain,

"Yours very truly,　　　Nalle & Co.,
"By Ernest Nalle."

On May 1, 1918, appellants wrote appellee a letter, in which they said:

"In the course of a few days we will start sending you different sizes of desks wanted, and which we will continue to do from time to time, up unto and including December 31st of this year. Please acknowledge receipt of this acceptance of your quotations submitted by return mail and oblige."

On the 3d day of May, 1918, appellee replied to the letter last mentioned as follows:

"We beg to acknowledge receipt of your esteemed favor of the 1st inst., accepting our quotation of the 24th ult., in carload lots on desks similar to your Nos. 1, 2, 3, 4, and 5, together with arm rests, etc., in quartered white oak finished natural.

"We thank you very much indeed for this order, and will be pleased to hear from you as to about what quantity you will wish, so that we can set up accordingly and make arrangements to handle this business. On receipt of this information we will be pleased to draw up a contract and forward it to you for approval, and in the meantime we are getting out a set of finished samples of each of the above desks. If the cast standards are similar to the steel standards left with us, there will be no additional charge for making these seats for the cast standards. It was merely the curved part of the seat which had to conform to the standards that caused us to make a difference in the same for these standards. We will advise you later regarding the sample oak desk you have, and we therefore hope to hear from you at an early date as to the approximate amount of each desk and you will require between now and the latter part of this year and how soon you will require some of them and the number of your first want.

"Thanking you again for this order, and soliciting your further favors, we remain."

On or about the 11th day of May, 1918, appellants sent to appellee their order No. 446, requesting him to ship to George Tarrant, Granbury, Hood county, Tex., the items set out in the account sued on, a copy of which is shown in the first part of this opinion. The goods shown in said order No. 446 were shipped as requested.

On May 24, 1918, appellants sent to appellee their order No. 456, but said order was canceled by a letter from appellants to appellee of date September 18, 1918, in which they inclosed their order No. 540. In this letter appellants requested that said order No. 540 be substituted for order No. 456. Appellee accepted order No. 540, and agreed to get out the goods mentioned therein and to ship them to appellants at Houston as soon as finished.

[1] No part of the items called for in order No. 540 were ever delivered to appellants. The witness Smith testified that from May 1 to December 31, 1918, appellants sold and delivered 318 No. 1 completed desks, 517 No. 2 completed desks, 431 No. 3 completed desks, 511 No. 5 completed desks; that none of these desks were completed from woods called for by any order sent to appellee, except from order No. 446, which was the order delivered to George Tarrant at Granbury.

Appellants insist that the judgment should be reversed, because the court erred in refusing to permit them to offer evidence in support of the first count in their amended cross-bill.

The contention cannot be sustained. The issues as to whether appellee had agreed to furnish appellants all the desk woods they might need from May 1, 1918, to December 31st of that year was, as already shown, decided adversely to appellants by the trial court upon the first trial of this cause, and upon appeal such decision was affirmed by the Court of Civil Appeals, and the cause was remanded because the trial court refused to submit to the jury the issues raised by the

evidence in support of the second count only in appellants' cross-bill. Upon such remand the trial court was instructed to retry the cause only upon the cause of action set up by appellants in the second count of their cross-bill. It was made clearly to appear to the court which remanded the cause for a partial retrial that the error complained of before that court affected a part only of the matter in controversy, and that the issues decided by the trial court which were affirmed by the Court of Civil Appeals were severable.

Section 62a of the rules adopted for the guidance of the Courts of Civil Appeals provides as follows:

"If it appears to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed, and a new trial ordered as to that part affected by such error."

This rule has been uniformly followed by the courts of our state. Nona Mills Co. v. Jackson (Tex. Civ. App.) 159 S. W. 932; Johnson v. Conger (Tex. Civ. App.) 166 S. W. 406; Texas & N. O. R. Co. v. Siewert (Tex. Civ. App.) 163 S. W. 624; Gutheridge v. Gutheridge (Tex. Civ. App.) 161 S. W. 892; Earl v. Baker (Tex. Civ. App.) 184 S. W. 297; Wood v. Love (Tex. Civ. App.) 190 S. W. 235; Davis v. Morris (Tex. Civ. App.) 257 S. W. 328.

[2] The rule that the trial courts must obey the mandates of the appellate courts in the retrial of causes remanded is too well settled to require citation of authority in its support.

There was nothing in the amended answer and cross-bill of appellants filed after the cause had been reversed which would require or even authorize the trial court to reopen the issues settled by the affirmance of the former judgment.

[3] Insisting that the cause of action asserted by appellee was under their amended answer subject to attack upon the last trial, appellants insist that there was no evidence to support a judgment for appellee for the amount sued for, and therefore the court erred in rendering judgment therefor.

There is no merit in this contention. It is admitted in the sixth paragraph of appellants' answer upon which they went to trial, as well as in several parts of their brief, that the items for which appellee sued were delivered to them; and J. H. Smith, one of the defendants, the only witness who testified, testified that such goods were delivered to appellants.

[4] What we have said disposes of appellants' complaint of the action of the court in rendering judgment for the plaintiff for the account sued upon, and we are now brought to a consideration of appellants' contention that the finding of the jury that appellants suffered no damage by the failure and refusal of appellee to deliver the goods called for by appellants' order No. 540, was contrary to the undisputed evidence offered in support of their second count, which they contend showed conclusively that appellants suffered damage by such refusal in the sum of $993.20, which should have been allowed as a set-off to the judgment rendered for appellee.

It is shown, as before stated, that appellants' order No. 456 was canceled at their request, and that their order No. 540 was substituted therefor; that said order No. 540 was accepted by appellee; and that the goods specified therein, and those specified in order 446, were the only goods which appellee had bound himself to sell and deliver to appellants at the prices agreed upon. The order to ship to Jackson at Thorndale certain items by its terms showed that the items composing same were to be taken from order 540. Appellee filled order 446, but failed to deliver any of the items called for in order 540. Order 540 was for:

365 No. 1 single desk woods.
52 No. 1 single rears woods.
93 No. 2 single desk woods.
14 No. 2 single rears woods.
21 No. 3 single rears woods.
543 No. 4 single desk woods.
90 No. 4 single rears woods.
190 No. 5 single desk woods.
21 No. 5 single rears woods.

It is apparent from the facts stated that the only inquiry to be made with reference to the failure of appellee to deliver in a reasonable time goods which he had agreed to deliver to appellants must be confined to the items called for in appellants' order 540, which was sent to, and accepted by, appellee on the 18th day of September, 1918. The undisputed evidence shows that no part of order 540 was ever delivered by appellee to appellants. The undisputed evidence shows that from May 1 to December 1, 1918, appellants sold and delivered to customers completed desks as follows:

318 ...... No. 1.
517 ...... No. 2.
431 ...... No. 3.
511 ...... No. 5.

That in completing these desks they purchased in the open market, at the lowest prices obtainable, the woods necessary to complete same; that the prices which they were compelled to pay for such woods were much higher than the prices at which appellee had agreed, by his acceptance of order 540, to deliver such desk woods to appellants.

We have reached the conclusion that the finding of the jury that appellants suffered no loss by reason of the failure of appellee to deliver the woods called for by order 540 was contrary to the undisputed evidence. As before stated, the undisputed evidence shows that appellants were engaged in the sale of school desks; that they ordered the woods called for in order 540 with which to build

and complete the desks they might sell; that they did sell a large number of desks from May 1, 1918, to December 1, 1918; and that, in order to procure the woods for desks and rears with which to complete the delivery of those sold, they were compelled to go into the open market and pay more for such woods as were necessary for the completion of such desks than appellee had agreed to deliver them for, thus showing beyond dispute that the failure of appellee to deliver the woods for desks and rears called for in order 540, of date September, 1918, resulted in damage to appellants, and that the verdict of the jury that appellants suffered no damage by reason of such failure was contrary to the undisputed evidence.

Since, however, the undisputed evidence shows that the desks sold by appellants were completed and sold from May 1 to December 1, 1918, and it is not shown how many and what class of desks, if any, were completed and sold prior to the placing of order 540 with appellee, and prior to the time the desk woods and rears called for in such order should have been delivered to appellants, and what portion thereof was completed after the placing of such order, it is impossible for us to determine from the record before us the reasonable damages which should have been awarded to appellants upon their cross-bill as an off-set to the judgment rendered in favor of appellee.

[5] We overrule appellants' contention that appellee's allegations were insufficient to support a judgment for him for interest upon the account sued upon from January 1, 1919. It was alleged in appellee's original petition that at the special instance and request of appellants the goods were sold and delivered to appellants on the 21st day of December, 1918, and the prayer was for judgment for appellee's debt, interest, and costs. In his supplemental petition, appellee prayed as follows:

"Wherefore, plaintiff prays that he have judgment for his said claim, with six (6) per cent. interest from the first day of January, 1919, as prayed for in his original petition, and that the defendants take nothing by their said pretended cross-action, and for all such other and further relief as plaintiff may show himself entitled."

For the reasons pointed out, the judgment for appellee for the sum of $2,196.91 is affirmed, but that part of the judgment decreeing that appellants take nothing by their cross-action and counterclaim is reversed, and the cause is remanded for a retrial, for the purpose only of determining what sum, if any, appellants are entitled to recover under their cross-action.

Affirmed in part.

Reversed and remanded in part.