**HARRELL et al. v. NALLE & CO. (No. 951.)**

(Court of Civil Appeals of Texas. Beaumont. Oct. 12, 1923.)

1. Sales ⊙⊐53(2)—Evidence insufficient to raise the issue of a contract where it appears that the parties never agreed on its terms.

The court correctly instructed a verdict against defendants in their cross-action on their allegation of a contract with plaintiffs, by which they were to furnish all the school desks needed during a certain period, it appearing that the minds of the parties never did agree on all the terms of such a contract.

2. Sales ⊙⊐53(2)—Issue raised by evidence erroneously taken from jury.

The court erred in withdrawing from the jury an issue raised by the evidence that defendants had filed with plaintiff certain orders for school desks which plaintiff accepted and agreed to fill under conditions constituting a contract, and that plaintiff had refused to fill' all the orders except one.

3. Appeal and error ⊙⊐1175(5)—Appellate court cannot render a judgment on testimony of interested parties though undisputed.

The appellate court in reversing a judgment of the trial court cannot render a judgment for damages shown by the testimony of appellants where they are interested witnesses.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Nalle & Co. against Ed. H. Harrell and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with instructions.

Wolters, Storey, Blanchard & Battaile, of Houston, for appellants.

F. Chas. Hume, Jr., of Houston, for appellees.

WALKER, J. This suit was instituted by appellees against appellants upon an account for a shipment of school desks, amounting to the sum of $1,337.50. Appellants answered, admitting the justness of appellees' account as pleaded, but by cross-action sought to defeat the same upon two grounds: First, they alleged that they had a contract with appellees, by the terms of which appellees were to furnish them all the school desks needed by them for their trade during the season of 1920; second, alternatively, they pleaded that, if mistaken in their first count, then appellees accepted certain specific orders from them for school desks at an agreed price, agreeing to make delivery thereof at designated times, but wholly failed to do so, to appellant's great damage. The trial was to a jury, and on conclusion of the evidence a verdict was instructed in favor of appellees on their account, and against appellants on their cross-action.

---

Opinion.

[1-3] The testimony offered by appellants on their allegation of the contract pleaded by them, whereby appellees were to furnish them all the school desks needed for their business for the season of 1920, does not raise that issue. This testimony was partly oral and partly by correspondence—being too long to quote—but a careful examination of it convinces us that the minds of the parties never did agree upon all the necessary terms of such a contract. During all the negotiations on this question, some element was left unadjusted. It follows that the court correctly instructed a verdict against appellants on their first count. But by their evidence appellants raised the issue that they had filed with appellees certain specific orders for school desks, which appellees accepted and agreed to fill under conditions constituting a contract. The evidence is undisputed that appellees refused to fill all these orders except the one constituting the basis of their original cause of action. Appellants also offered evidence raising an issue as to the difference between the contract price of the material covered by the orders and the market price for the same character of material; also appellants offered evidence of the difference between the contract price and the price at which they could have supplied themselves and filled their orders with the same character of material, bringing their cross-action within the rule announced in Downey v. Hatter (Tex. Civ. App.) 48 S. W. 32. The court erred in withdrawing this issue from the jury. As appellants were interested witnesses, we cannot reverse the judgment of the trial court and render a judgment here in their favor on the amount of damages shown by them, though undisputed.

The judgment of the trial court is reversed and remanded, with instructions to render judgment in favor of appellees for the amount of their account, deducting therefrom such damages, if any, suffered by appellants under the second count in their cross-action.