ERNEST NALLE ET AL. v. ED. H. HARRELL ET AL.

No. 5084. Decided January 9, 1929.
(12 S. W., 2d Series, 550.)

*J. H. Bracewell* and *H. H. Cooper,* for appellant.

The judgment obtained by the appellant in the court below in his favor was severable from the cause of action asserted by the appellee in their cross-action, and when affirmed by the Court of Civil Appeals became a final judgment. Woeltz v. Woeltz, 93 Texas, 548; T. & P. Ry. Co. v. Moore, 119 S. W., 697; Colorado & Southern Ry. Co. v. Ham, 103 S. W., 1125; Lauchheimer v. Cook, 99 Texas, 386; M. K. & T. Ry. Co. v. Elliott, 99 Texas, 286; McDonald v. Ayres, 242 S. W., 192.

A party in whose favor a final judgment has been rendered is entitled to issue an execution for its collection and enforcement, irrespective of any cause of action that may be pending that could constitute an off-set against the same, unless such cause of action has been reduced to judgment and occupied the same status as the judgment sought to be enforced. Article 3770 of the Revised Civil Statutes; Long v. Martin, 260 S. W., 327.

*Wolters, Blanchard, Woodul & Wolters,* for appellee.

A judgment of the Court of Civil Appeals which does not dispose of the entire case, either as to all parties or to all issues raised by the pleadings, is not a final judgment. There must be a final judgment to support an execution. Article 3770, R. S., 1925; Article 2211, R. S., 1925; 23 C. J., page 316; 33 C. J., page 1061; Stockwell v. Melbern, 168 S. W., 405; Swan v. Price, 162 S. W., 994; Phillips v. Jones, 283 S. W., 298; Gathings v. Robertson, 276 S. W., 218, same case by the Court of Civil Appeals, 264 S. W., 173; G. C. & S. F. Ry. Co. v. Stephenson, 26 S. W., 236; Pecos Ry. Co. v. Epps, 117 S. W., 1012; Pecos Ry. Co. v. Harlan, 117 S. W., 1013; Trammel v. Rosen, 106 Texas, 132; Willis v. Keator, 131 S. W., 556; Williams v. Bell & Co., 116 S. W., 837; Powell v. Smith, 242 S. W., 1117; Bank v. Harris, 138 S. W., 1162; Riddle v. Bearden, 80 S. W., 1061.

Mr. Judge NICKELS delivered the opinion of the Commission of Appeals, Section A.

## STATEMENT OF THE CASE.

Appellants sued defendants to recover in the sum of $1,337.50, with interest, as the price of certain materials sold upon "Order No. 446."

Appellees pleaded a contract (ante-dating "Order No. 446") whereunder appellants became obligated to furnish all such (special) materials as appellees might need in their "trade" in "the season of 1920" and whereunder "Order No. 446" was made and filled and "Order No. 540," etc., was made and accepted; they alleged injury to the extent of $1429.25 resultant of breach of the contract by appellants' refusal to fill "Order No. 540," etc.

Alternatively, appellees set up a contract made through giving and acceptance of "Order No. 540" and its breach by appellants with damages laid at $1,089.20.

Appellees prayer is that:

"They be awarded judgment against the plaintiffs" (appellants) "for the sum of $1,429.25, less such sum as may be found that they owed plaintiffs for the goods delivered and, in the alternative, that they have judgment for $1,089.20 to be off-set, however, by any recovery which might be awarded to the plaintiff."

Trial resulted in a judgment for plaintiffs (appellants here) for the amount sued for and against defendants on all issues, pursuant to a verdict directed by the judge. Upon appeal the Court of Civil Appeals, Ninth District, found lack of evidence to show a contract such as that first averred by defendants (appellees here) and presence of evidence to raise an issue about the contract (breach and damages) alternatively pleaded, and reversed the judgment of the trial court and remanded the cause "with instructions to render judgment in favor of plaintiffs" (appellants here) "for the amount of their account, deducting therefrom such damages, if any, suffered by" defendants (appellees here) "under the second count in their cross-action." 254 S. W., 1027.

Upon re-trial an issue, concerning amount of damages, "if any," defendants suffered account of dishonor of "Order No. 540" (see 294 S. W., 964) was submitted to the jury and in response "the jury found there were no damages." Judgment for plaintiffs (appellants here) for amount sued for, with interest, and against defendants (appellees here) on all issues followed. Appeal resulted in affirmance of that part of the judgment which allowed plaintiffs recovery, reversal of "that part of the judgment decreeing that"

defendants "take nothing by their cross-action and counterclaim" and remand of the cause for "a retrial" for the purpose only of determining what sum, "if any," defendants "are entitled to recover under their cross-action." 294 S. W., 963, 967.

Mandate having issued from the Court of Civil Appeals pursuant to action just mentioned and having been filed below, plaintiffs (appellants here) sought issuance of execution. Thereupon defendants (appellees here) sought and obtained an order restraining the district clerk from issuing execution, and staying all proceedings to enforce the judgment until final disposition of the cross-action. Plaintiffs (appellants here) duly moved vacation· of that order; their motion was denied and they appealed. Thereupon the Court of Civil Appeals reversed the order of the District Court and entered one "dissolving the injunction." The cause is now pending upon motion of appellees for rehearing and the Court of Civil Appeals has certified this question.

"Is Appellant Nalle entitled to the issuance of the execution demanded by him for the enforcement of the judgment rendered in his favor by the trial court and affirmed by this court prior to the final disposition of the cross-action of appellees?"

### OPINION.

The relief sought by defendants on their "cross-action" (so-called)· in one phase is: (a) Adjudication of their right to damages and the amount of such damages; (b) deduction from the damages thus established of the amount adjudicated to plaintiffs and judgment for the balance. In the other phase they seek: (c) Adjudication of their right to damages and the amount of such damages; (d) "off-set" as between the amount thus established and the amount "awarded to the plaintiffs."

"The great object of all discounts or set-offs is to adjust the indebtedness between the parties and permit executory process to be enforced only for the balance that may be due." Simpson v. Huston, 14 Texas, 476, 481. Set-off "is the doctrine of bringing into the presence of each other the obligations of A to B and of B to A, and by the judicial action of the court making each obligation extinguish the other." 24 R. C. L., 796; Blount v. Windley, 95 U. S., 173, 24 L. Ed., 424.

In virtue of statutory provisions (Arts. 2014, 2015, 2017, R. S., 1925) a defendant may avail himself of that juxtaposition and pro tanto mutual cancellation of liabilities by way of defense (Id.) as

well as assert claim for judgment for whatever balance in his favor there may be (Art. 2215, R. S., 1925).

Averments of the bases of those rights and claims thereof make up a part of the "pleadings" to which the "one final judgment" must be "conformed" in obedience to requirement of Art. 2211, R. S., 1925. Hence, it has been held, a judgment not disposing of a reconvention is not a final one. American Road Mach. Co. v. City of Crockett, Texas Civ. App., 49 S. W., 251; Lanius v. People's Home Tel. Co., Texas Civ. App., 160 S. W., 304; Brown v. Wofford, Texas Civ. App., 167 S. W., 764; Anderson, etc. v. Smith, Texas Civ. App., 167 S. W., 765.

The case made on the pleading, then, involves: (a) ascertainment of plaintiffs' right and amount due thereon; (b) ascertainment of defendants' right and amount due thereby; (c) judicial deduction of the smaller from the larger amount and award of recovery (to the party entitled) of the balance. Simpson v. Huston, supra; Hegman v. Roberts, Texas Civ. App., 201 S. W., 268; Blount v. Windley, supra.

In consequence, the judgment in favor of Nalle, even though affirmed, is interlocutory, and judgment in the case cannot become final until defendants' claims are finally adjudicated or given disposition otherwise. The necessary result of holding that the elements of the case are severable so as to permit a judgment presently enforcible in one branch is to deny the right of mutual cancellation by judicial action which, we say, is established in our law.

Accordingly we recommend that the question certified be answered "No."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.