# C. H. MYERS & CO. v. NALLE.  (No. 9400.)

Court of Civil Appeals of Texas. Galveston. Jan. 16, 1930.

Rehearing denied Feb. 6, 1930.

Wolters, Blanchard, Woodul & Kressler, of Houston, for appellants.

H. H. Cooper, of Amarillo, and J. S. Bracewell, of Houston, for appellee.

LANE, J. This suit was originally brought by Ernest Nalle & Co. in the district court of Harris county, Eightieth Judicial District, against appellants, Ed. H. Harrell and J. H. Smith, doing business as C. H. Myers & Co., a partnership, for $1,337.50 alleged to be the value of certain goods, wares, and merchandise sold and delivered by appellee to appellants on or about December 21, 1918, said goods, wares, and merchandise consisting of certain school desk woods for certain desks and at the prices set out in the itemized account attached to appellee's petition, in which petition appellee sought judgment for $1,337.- 50, interest, and costs. On the first trial of the cause appellants admitted that appellee had a cause of action as set forth in his petition, save and except in so far as same may be defeated by the facts set up in appellants' answer and cross-action, and by way of cross-action filed by appellants against appellee, appellants in their first count of their cross-action alleged substantially that on or about the 1st day of May, 1918, appellee and appellants entered into a certain con-

tract whereby appellee found and obligated himself to manufacture, sell, and promptly deliver to appellants as many sets of desk woods for Nos. 1, 2, 3, 4, and 5 desks, together with the necessary rears, as appellants would require for their business from the date of the contract of December 31, 1918; that at the time said contract was entered into it was known to appellee that appellants had on hand a large quantity of pairs of stool standards for school desks, known as Nos. 1 to 5, inclusive, and also a number of pairs of standards for rears for said desk woods; that it was known to appellee that appellants desired to have school desk woods to attach to said steel standards in order to make completed desks; that appellee bound and obligated himself to manufacture, sell, and promptly deliver to appellants in carload lots f. o. b. Austin, Tex., as many sets of desk woods as appellants would require in the course of their business during the time from May 1, 1918, to December 31, 1918, at the prices alleged by appellants in the answer and cross-action on which appellants went to trial.

Appellants further alleged in said answer and cross-action that by reason of appellee's failure to comply with said contract, as alleged in the first count of appellants' said first amended original answer and cross-action, they had been damaged in the sum of $1,428.25, together with interest thereon at the rate of 6 per cent. per annum from January 1, 1919.

Appellants in the second count of their answer and cross-action further alleged that if they were mistaken that appellee had entered into the contract with appellants, as alleged by appellants in the first count of their said answer and cross-action, it was a fact that appellants ordered from appellee the desk woods and rears represented by requisition sent to appellee by appellants and which were accepted by appellee, and that by reason of appellee's failure to promptly ship said desk woods called for in said requisition appellants had been damaged in the sum of $993.20, together with interest at the rate of 6 per cent. per annum from January 1, 1919, against which should be offset or deducted any judgment, if any, recovered by appellee.

The first trial of this cause was before a jury, but the court, after all the evidence was in, withdrew the case from the jury and rendered judgment in favor of appellee for the amount sued for by appellee, and further rendered judgment in favor of appellee that appellants take nothing by their cross-action against appellee.

On appeal the Court of Civil Appeals for the Ninth District, in an opinion published in 254 S. W. 1027, reversed said cause with instructions to the trial court to render judgment in favor of appellee herein for the amount of his judgment, deducting therefrom such damages, if any, suffered by appellants under the second count of their cross-action. Thereafter said Court of Civil Appeals issued its mandate to the district court of Harris county, commending said court to try said cause in accordance with the opinion of said court.

On the second trial of this cause, which was tried in conformity with the opinion and mandate of the Court of Civil Appeals for the Ninth District, the court submitted to the jury only the issue raised by the second count of appellants' cross-action, and in accordance with the findings of the jury and in accordance with the decision and mandate of the Court of Civil Appeals, judgment was entered in favor of appellant for the amount sued for, and further that appellants take nothing against appellee on their cross-action against appellee.

The second appeal of this cause was to the Court of Civil Appeals for the First District, which court, in an opinion delivered March 30, 1927, and reported in 294 S. W. 963, affirmed the judgment in appellee's favor in the sum of $2,196.91, and reversed and remanded for trial that part of the judgment decreeing that appellants take nothing by their cross-action and counterclaim against appellee, said cause having been reversed for the purpose only of determining what sum, if any, appellants were entitled to recover under their cross-action, the court having found that the undisputed evidence showed that appellants had been damaged by reason of the failure of appellee to deliver the desk woods called for in the requisition referred to in the second count of appellants' second amended original answer and cross-action, same being the answer and cross-action on which appellants went to trial on the second trial of this cause.

Appellants filed their application for writ of error, and the same was dismissed by the Supreme Court for want of jurisdiction.

After the refusal of the application for the writ of error by the Supreme Court, a mandate was issued by this court to the trial court commanding that the cause be tried in conformity with the opinion of this court; that such mandate carried with it an instruction to the trial court to proceed to hear and determine only what sum, if any, Myers & Co. were entitled to recover under their cross-action and counterclaim, the court having affirmed so much of the judgment of the trial court as was in favor of Nalle for the sum of $2,196.91.

After the issuance of the mandate by this court, appellee Nalle sought the issuance of an execution upon the judgment of this court in his favor. Thereupon, appellants sought and obtained an order restraining the district clerk from issuing execution and stay-

ing all proceedings to enforce the judgment until final disposition of appellants' cross-action. Thereafter appellee filed a motion to vacate said order, which motion was denied, and appellee appealed to this court. This court reversed the order of the district court and entered one dissolving the injunction. Upon motion for rehearing filed by appellants, this court certified to the Supreme Court the following question:

"Is appellant Nalle entitled to the issuance of the execution demanded by him for the enforcement of the judgment rendered in his favor by the trial court and affirmed by this court prior to the final disposition of the cross-action of appellee?"

Which question was answered by the Supreme Court in the negative, the opinion of said court, being reported in 12 S.W.(2d) 550, the Supreme Court holding that the judgment obtained by appellee was not a final judgment.

Upon the answer of the Supreme Court to the certified question, the case went to trial before a jury for the third time. The court upon such trial considering the mandate of this court as an instruction to render judgment for Nalle for $2,196.91 and to try only the issues presented by Myers & Co.'s cross-action and counterclaim, submitted to the jury only the issues raised by the second count of Myers & Co.'s cross-action and counterclaim. The jury found that Myers & Co. suffered damages in the sum of $450 by reason of the failure and refusal of Nalle to fill an order of Myers & Co. for certain desk material after he had accepted same.

The trial court, accepting the affirmance of this court of the judgment of the trial court in favor of Nalle for $2,196.91 as a final judgment, entered judgment for Nalle for that sum, together with 6 per cent. per annum interest thereon from the 9th day of February, 1926, to date of judgment, less the sum of $450 found by the jury as damages suffered by Myers & Co., together with 6 per cent. interest thereon from the 1st day of January, 1919, leaving a balance of $1,880.75 in favor of Nalle.

It is apparent that the Supreme Court, in answer to the question certified by this court, held that this court erred in holding that the judgment rendered by the trial court in favor of Nalle for the claim sued for by him and affirmed by this court was a final judgment in favor of Nalle as to such claim, and that it was held, in effect, that such claim was open for further adjudication and that the amount to be awarded to Nalle should be the amount of such claim, which was admitted to be due by Myers & Co. except in so far as it might be offset by their counterclaim, less such sum as might be, on another trial, found by the court in favor of Myers & Co. on their counterclaim.

Conceding that we erred, as found by the Supreme Court, nevertheless the trial court felt that it was its duty to follow the mandate of the court and consider the judgment for $2,196.91 in favor of Nalle as a fully adjudicated and final judgment, and so considering it, submitted to the jury only the issue as to what amount of damages was suffered by Myers & Co. by reason of the matters and things alleged in their counterclaim, pleaded as a set-off.

The jury answered such inquiry that Myers & Co. had by reason of such matters suffered damages in the sum of $450, and upon the answer of the jury the court entered judgment in favor of Nalle for the sum of $2,196.-91, with interest on said sum from the 9th day of February, 1926, the date of the judgment which was affirmed by this court, and together with 6 per cent. per annum interest on the $2,196.91 from the date of the last-mentioned judgment to the rendition of the judgment appealed from now before this court, thus allowing interest on the principal sum of Nalle's claim from the 1st day of January, 1919, to the 9th day of February, 1926, and then allowing interest not only on such principal sum from the 9th day of February, 1926, but also on the accumulated interest to that date.

The effect of the complaint of appellants, Myers & Co., reduced to its ultimate, is that the jury having found that appellants were damaged in the sum of $450, such sum should have been by the court deducted from appellee's claim for $1,337.50 as of date January 1, 1919, which would have left an amount due by appellants to appellee of only $887.50, which together with 6 per cent. per annum interest thereon from the 1st day of January, 1919, was the sum to which appellee was entitled under the state of the record, and the court erred in not so adjudging.

We sustain the contention of appellants. As the jury found that appellants were entitled to recover as damages the sum of $450, appellants should have been allowed a set-off of that amount against the admitted claim of appellee of $1,337.50, which would have reduced appellee's claim to $887.50 on the 1st day of January, 1919. Therefore appellee should have been allowed a recovery only of $887.50 together with 6 per cent. per annum interest thereon from the 1st day of January, 1919, to the 20th day of March, 1929, the date of the judgment appealed from, which would amount to a total sum of $1,-431.83.

Having reached the conclusion above expressed, the judgment is reformed so as to adjudge to appellee the sum of $1,431.83 as of March 20, 1929, against appellants, and as reformed the same is affirmed.

Reformed and affirmed.