H. C. ALLISON, Appellant,

v.

GULF LIQUID FERTILIZER COMPANY, Appellee.

No. 16273.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 5, 1962.

Rehearing Denied Feb. 9, 1962.

Anderson & Anderson, Cleburne, Thompson, Walker, Smith & Shannon, and Arch B. Gilbert, Fort Worth, for appellant.

Dennison & Naylor, and Richard D. Naylor, Pecos, for appellee.

MASSEY, Chief Justice.

Gulf Liquid Fertilizer Company, d/b/a Western Chemicals brought suit on sworn account, under the provisions of Texas Rules of Civil Procedure 185, against H. C. Allison. Plaintiff averred the delivery, under contract of sale and purchase, of 29,-540 lbs. of fertilizer at a price stated. Defendant, admitting that the price stated was correct, attacked the amount delivered in pleadings filed by way of cross-action, set-off and counterclaim, etc. Essentially it was the defendant's contention that 29,540 lbs. of fertilizer were approximately double the amount agreed to be taken, in that the measure of quantity agreed upon was sufficient fertilizer to amount to 50 lbs. thereof for each acre of defendant's land in growing cotton, calculation of which would be only approximately one-half the number of pounds plaintiff swore it sold and delivered.

Furthermore, by affirmative allegations in the same pleadings filed by way of cross-action, set-off and counterclaim, etc., the defendant contended that the contract and agreement of the parties, antedating the time of the deliveries and pursuant to which the deliveries were made, obligated action on plaintiff's part over and above mere sale and delivery. In that connection defendant claimed that the plaintiff agreed to and attempted to guide and control the mode by which the fertilizer was injected into irrigation waters of the defendant, the rate of injection, etc.,—and that plaintiff acted pursuant to such agreement, but negligently in that it injected approximately double the amount of fertilizer to admit 50 lbs. of fertilizer per acre, burning and damaging the growing crops of defendant, whereby he sustained a loss in yield of cotton per acre, and a corresponding loss in profits otherwise to have been realized.

Upon the call of the case for trial both parties' causes of action were ascertainable from their pleadings. Plaintiff's was upon its sworn account. Defendant's was upon a counter-affidavit purporting to destroy the efficacy of plaintiff's account as prima facie evidence on which its case could be established,—plus allegations by way of set-off, counterclaim and cross-claim under T.R. C.P. 97. The circumstances were such as to require the defendant to have plead his case against the plaintiff if ever he intended to do so, and it amounted to a "compulsory counterclaim" within the purview of section (a) of T.R.C.P. 97.

Trial proceeded, but before time for defendant to rest his case the court decided that the state of the record warranted severance of the affirmative case of the defendant against plaintiff from the suit of plaintiff under the applicable provision of T.R.C.P. 174. An order to that effect was entered. The court further decided that the state of the record on plaintiff's suit was such that made it proper to take the

**514**

case from the jury and to instruct the jury to return a verdict in favor of plaintiff and against defendant on the suit on sworn account,—leaving defendant's suit pending as a cause to be tried. Accordingly such was done and the jury returned the verdict it was instructed to return. The court entered a judgment on such verdict. The defendant appealed.

The plaintiff, appellee here, filed a motion to dismiss the appeal. We believe that we do not reach the reasons set up in such appellee's Motion to Dismiss Appeal, for the record is such that dismissal is required for other reasons. The premise of our holding is that the case has never become ripe for an appeal in that the judgment purportedly rendered on appellee's suit on sworn account is interlocutory only, and not a final and appealable judgment within the meaning of T.R.C.P. 301, a rule which had its source in repealed Vernon's Ann. Civ.Tex.St., art. 2211.

The Supreme Court, in an opinion answering certified questions having a direct bearing upon the situation posed, has held that where there has proceeded to trial a cause in which the case made on the pleadings of the parties involves: (a) ascertainment of plaintiffs' right and amount due thereon; (b) ascertainment of defendants' right and amount due thereby; and (c) judicial deduction of the smaller from the larger amount and award of recovery (to the party entitled) of the balance,—any judgment rendered in disposition of the right of one party only would be an interlocutory judgment. As pointed out in the case no execution could be lawfully levied in carrying any such character of judgment into execution. See Nalle v. Harrell, 1929, 118 Tex. 149, 12 S.W.2d 550, and, on subsequent appeal, C. H. Myers & Co. v. Nalle, 1930 (Tex.Civ.App., Galveston), 24 S.W.2d 770.

There is no provision of law under which appeal is provided under these circumstances. With certain statutory exceptions, an order, judgment or decree, whether at law or in equity, must possess the essential characteristic of finality before any appeal will lie therefrom. 3 Tex.Jur.2d, p. 337, "Appeal and Error-Civil", part III, "Appealability of Judgments and Orders", sub. B, "As Affected by Finality of Judgment", sec. 76, "In general".

The appeal is dismissed.

RENFRO, Justice (dissenting).

The defendant's cross-claim against the plaintiff was severed by the court and given a new docket number. Everything involved in plaintiff's case against defendant was disposed of in the judgment entered by the court and which judgment is the subject of this appeal. Therefore, the majority is in error in treating said judgment as an interlocutory order. It is a final judgment and should be so treated by this court.