**VERGAL BOURLAND HOME APPLI-ANCES et al., Appellants,**

v.

**ALTHEIMER & BAER, INC., Appellee.**

No. 16359.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 26, 1962.

Rehearing Denied Nov. 30, 1962.

Crocker & McDonald, and Toy Crocker, Fort Worth, for appellants.

Ungerman, Hill, Ungerman & Angrist, Dallas, Thompson, Walker, Smith & Shannon, and Wyndall R. Johnson, Fort Worth, for appellee.

RENFRO, Justice.

On May 1, 1959, Altheimer & Baer, Inc., filed suit against Vergal Bourland Home Appliances, a corporation, and Vergal Bourland individually on trade acceptances issued in October, 1957, and May, June and August of 1958, which represented unpaid balances for the purchase price of merchandise sold to defendant corporation for three sales promotions conducted by defendant corporation in September, 1957, April and August of 1958. Defendant Bourland was sued as guarantor.

The defendant Vergal Bourland Home Appliances filed an answer and cross-action on June 4, 1959.

No citation was ever served on the plaintiff on the cross-action. The plaintiff filed an answer, which included a plea of limitation, to the cross-action on October 5, 1961.

The defendant corporation was adjudged a bankrupt on January 20, 1960. The bankruptcy action is pending.

The defendant corporation's cross-action was sold by the trustee in bankruptcy to Elmo Irby on February 21, 1961. In January, 1962, Irby was substituted for the defendant corporation as cross-plaintiff in the cross-action against plaintiff.

The bases for the cross-action filed against plaintiff by the corporate defendant were alleged misrepresentations concerning the quality of the merchandise, that the merchandise was defective and that because of the above the corporation had suffered loss of business.

Plaintiff filed a motion and supplemental motion for summary judgment predicated upon the grounds that the cross-action was barred by the two year statute of limitation, the cross-action was precluded by the express provisions of the written purchase orders given by the corporation to plaintiff, and by reason of the forfeiture for nonpayment of franchise taxes, the corporation and its assignee, Irby, were prohibited by law from maintaining the cross-action in any court of this state.

On January 30, 1962, the court entered a partial summary judgment in which it decreed that, as to said cross-action, "there is no genuine issue as to any material fact" and that plaintiff was entitled to judgment thereon "as a matter of law on each and all of the grounds set forth in said motion and the supplement thereto on file herein."

The plaintiff then filed a motion in which it pointed out that the nature of the cross-action was entirely separate, distinct and different from the principal cause and asked for a severance of the cross-action from the principal suit.

The court thereupon entered an order of severance and directed the clerk to create separate docket sheets for each of said causes. On January 30, 1962, the previous partial summary judgment was entered as the final judgment of the court as to the cross-action in the severed cause.

The record does not reveal any exception to the severance by defendants.

The defendants contend the court erred in severing the cross-action from the principal cause and in entering final judgment on the cross-action in the severed cause. The gist of their argument is to the effect that their cross-action was a compulsory counterclaim and not severable from the main action. They rely upon Ulmer v. Mackey, Tex.Civ.App., 242 S.W.2d 679; John F. Buckner & Sons v. Arkansas Fuel

Oil Corp., Tex.Civ.App., 301 S.W.2d 325; and Allison v. Gulf Liquid Fertilizer Co., Tex.Civ.App., 353 S.W.2d 512.

None of the above cases involved the situation we have before us in this case, namely, a summary judgment holding that cross-plaintiffs as a matter of law were barred from recovery on the cross-action.

In Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76, the court held: " * * * it was within the judicial power of the court to determine that the cause was severable and to sever the same accordingly. The order of severance is subject to being set aside on appeal, but until this is done it effectively separates the controversy into two causes. A judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby." Also, in the above case the court held that since the defendant did not object to the severance, he was not in position to complain of a mere error in granting the same.

In the instant case the court had the judicial power to sever the cross-action and enter final judgment. He did enter a final judgment in the cross-action, and, having done so, the judgment so entered was appealable.

If the trial court was correct in his holding that all three grounds, or any one of the grounds upon which the summary judgment was based, entitled plaintiff to judgment as a matter of law on the cross-action, then the severance and entry of a final judgment thereon was not error.

We hold the court was correct in holding that the cross-action was barred by the two year statute of limitation.

A cause of action based on misrepresentation is controlled by the two year statute of limitation. Lacy v. Carson Manor Hotel, Inc., Tex.Civ.App., 297 S.W.2d 367.

Bourland, who was president of defendant corporation when the merchandise was purchased, by deposition testified that he knew of the misrepresentation and defects or most of them within a matter of days after the various shipments in September of 1957 and April and August of 1958. The cross-action was filed June 4, 1959. However, there was never any attempt to have citation on the cross-action issued or served on plaintiff. Plaintiff did not file an answer to the cross-action until October 5, 1961, or more than two years after Bourland, by his own deposition, knew of the matters set forth in the cross-action. The mere filing of the cross-action did not toll the running of the statute of limitation. In Landers v. Jordan, Tex.Civ.App., 126 S.W.2d 677, the court stated: "If there is a principle of law that is well established in this state it is that the mere filing of a petition by the plaintiff is not all that is required to toll the statute of limitations but there must also be a bona fide intention that citation thereon shall at once be issued and served upon the defendant." The same principle applies to cross-actions. Early v. Cornelius, 120 Tex. 335, 39 S.W.2d 6.

The defendants, however, contend that under § 11, sub. e of the Bankruptcy Act (U.S.C.A., Vol. 11, p. 195, § 29), limitation was suspended for a period of two years subsequent to January 20, 1960 (the date on which the corporate defendant was adjudicated to be bankrupt) upon any claim against which the period of limitation fixed by law had not expired at the time of the filing of the petition in bankruptcy, in this instance November 2, 1959.

Said section provides that a receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy.

The instant cross-action suit was not instituted by a receiver or trustee, and was not filed in behalf of the estate. It was filed

by the Bourland corporation for alleged damages. The trustee did not intervene in the cross-action and was not made a party thereto. His only action in regard to the cross-action, in so far as the record reveals, was to sell the cross-action to a third party, namely, cross-plaintiff Irby for $250.00.

Section 11, sub. c, provides that a receiver or trustee may, with the approval of the court, be permitted to prosecute as receiver or trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him.

The trustee did not enter the suit, but, as stated, sold the cross-action to cross-defendant Irby, attorney for the bankrupt.

From the record before us we conclude that the cross-action was barred by the two year statute of limitation.

The record shows that the corporate defendant's right to do business was duly forfeited on July 2, 1958, for failure to pay franchise tax and no franchise taxes have been paid since that date, and the right to do business has not been reinstated. It is stated in 14 Tex.Jur.2d, p. 675, § 582, that, under the provisions of Art. 12.14 of Title 122A, Taxation-General, R.C.S., V.A.T.S., when the right to do business has been forfeited, a corporation is denied the right to any affirmative relief in the courts, either as a party plaintiff or by way of cross-action in a suit wherein it has been made a defendant.

As of the date the corporate defendant filed the cross-action, its right to file for affirmative relief had been forfeited, and was not thereafter reinstated.

Under the facts of this case, as reflected in the record, we see no reason why the inhibition of the statute should not apply to the cross-action in question.

Being of the opinion that the summary judgment on the cross-action was proper on the grounds of limitation and the franchise forfeiture, the judgment is affirmed.