**R. H. SEALE**

v.

**Robbie Seale CLICK.**

No. 5037.

Court of Civil Appeals of Texas, Eastland.

July 28, 1977.

Rehearing Denied Oct. 13, 1977.

Barry K. Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Terrence Kendall, Randle, Finch & Osborn, Austin, for appellee.

McCLOUD, Chief Justice.

This case involves the interpretation of an appellate court's mandate limiting the remand of a case to a specific issue.

In a prior appeal, R. H. Seale sued Robbie Seale Click seeking specific performance of an option to purchase real estate. Click asserted coverture as a defense and also filed a cross action seeking damages for the wrongful detention and use of the property by Seale. Both parties moved for summary

judgment. The trial court granted Seale's motion. On appeal, the Austin Court of Civil Appeals in *Click v. Seale,* 519 S.W.2d 913 (Tex.Civ.App.1975, writ ref. n.r.e.) reversed the judgment of the trial court, granted Click's motion for summary judgment, rendered judgment that Seale take nothing by his suit, and remanded the cause to the trial court for "trial only of the issue of (Click's) damages pleaded by her cross action." The opinion of the Austin Court of Civil Appeals contains a full discussion of the facts and issues involved in the original appeal and we will discuss only matters considered pertinent to this appeal.

After the case was remanded, plaintiff, Seale, amended his answer to Click's cross action, and sought $300,000 for improvements made to the property, or alternatively, an "offset or credit" for the improvements against the "rent" damages claimed by Click. The trial court, in a nonjury trial, held that it was not authorized to consider evidence of improvements made by Seale under the limited mandate issued by the Austin Court of Civil Appeals. Seale perfected a bill of exception showing that he had made substantial improvements that greatly enhanced the value of the property. Based on evidence of the reasonable rental value of the property, the trial court entered judgment for Click for $55,000.

The trial court expressly found in its conclusions of law that Seale's claim for improvements was not barred by the statute of limitations, res judicata, or law of the case, but was precluded solely by the limited mandate.

Click argues that because of the limited mandate and the take nothing judgment rendered against Seale by the Austin Court of Civil Appeals, Seale is precluded by the doctrine of res judicata from asserting any claim for improvements, either as a primary claim or a defense to Click's claim for damages.

The limited mandate issued by the Austin Court of Civil Appeals in the first appeal states that the cause is remanded "to the district court for trial only of the issue of (Click's) damages pleaded by her cross action."

Seale contends he has been improperly denied an opportunity to litigate the issue of reimbursement for improvements. He asserts he "factually pleaded the improvements as a primary claim prior to the summary judgment proceeding." In Seale's first amended original petition, which was on file at the time he was granted a summary judgment in the trial court, he referred to improvements, but the reference was in connection with allegations that Click was estopped to deny the enforceability of the option, or alternatively, that Click had ratified the option contract. At the time the summary judgment was granted by the trial court, Seale's answer to Click's cross action for damages consisted of a general denial. There was no pleading affirmatively seeking reimbursement for improvements or an offset against Click's demand for damages.

The effect of a limited remand was discussed in the recent case of *Wall v. East Texas Teachers Credit Union,* 549 S.W.2d 232 (Tex.Civ.App.-Texarkana 1977, writ ref'd), wherein the court said:

". . . When the Supreme Court remands a case and limits a subsequent trial to a particular issue, as in this instance, the trial court is restricted to determination of that particular issue. *McConnell v. Wall,* 67 Tex. 352, 5 S.W. 681 (1887); *Humble Oil & Refining Co. v. Kishi,* 299 S.W. 687 (Tex.Civ.App. Beaumont 1927, writ ref'd); 4 Tex.Jur.2d, Rev., Part 2, Appeal and Error—Civil Cases, Sec. 979 . . ."

■ In interpreting the mandate of an appellate court, we should look not only to the mandate itself, but also to the opinion of the court. *Wells v. Littlefield,* 62 Tex. 28 (1884). When Seale's motion for summary judgment was granted, he had no alternative plea seeking reimbursement for improvements in the event the option was held to be unenforceable. The Austin Court of Civil Appeals, therefore, did not discuss the matter of improvements.

Click argues that if Seale's reference to improvements in his first amended original

answer constituted an affirmative plea for improvements then the issue was decided against Seale when the take nothing judgment rendered by the Austin Court of Civil Appeals became final. She says further that if the allegation failed as a plea for improvements then Seale was precluded from asserting any claim for improvements on the remand because his plea was a compulsory counterclaim under Rule 97, T.R.C.P., and had to be asserted prior to the granting of the take nothing summary judgment in favor of Click.

▮ First, we note that the trial court expressly concluded that Seale's claim for improvements was not precluded by res judicata. Click has no cross-points attacking that conclusion. We think, however, even if proper cross-points were filed, the doctrine of res judicata would not prevent Seale's claim because the issue of damages sustained by Click was remanded and Seale could file his compulsory counterclaim, as he did, before that issue was decided.

▮ The case was expressly remanded, however, for the purpose only of determining Click's damages, if any, resulting from Seale's wrongful detention and use of the property. We think the limited language contained in the mandate does prevent Seale from establishing his "affirmative claim for improvements". We do not think, however, the mandate prevents Seale from asserting as a defense an "offset" against Click's claim for damages. Seale's claim for improvements arose out of the transaction or occurrence that was the subject matter of Click's cross action. Such claim could be asserted as a defense to Click's cross action for damages. *Nalle v. Harrell*, 118 Tex. 149, 12 S.W.2d 550 (1929); *Christian v. First National Bank of Weatherford*, 531 S.W.2d 832 (Tex.Civ.App.-Fort Worth 1975, writ ref. n.r.e.).

*Dick Matz Agency v. Storey*, 542 S.W.2d 116 (Tex.1976) and *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976) cited by Seale are distinguishable. In *Dick Matz Agency*, the judgment of the court of civil appeals was clarified by the Supreme Court on application for writ of error. In *O'Neil*,

the mandate was recalled. In the instant case, the limited remand by the Austin Court of Civil Appeals was not modified by the Supreme Court on application for writ of error, nor was the mandate recalled.

The judgment of the trial court is reversed and the cause is remanded for trial of the issue of Click's damages, if any, resulting from Seale's wrongful detention and use of the property, and Seale's defenses, if any, to Click's alleged damages.