TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00088-CV






Jim LaChance and Debbie LaChance, Appellants



v.



Gerald McCoy, Gary Goodfriend, and John Donoghue, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 460,776, HONORABLE F. SCOTT McCOWN , JUDGE PRESIDING 






PER CURIAM


 This appeal arises from a summary judgment in favor of appellees Gerald McCoy, Gary
Goodfriend, and John Donoghue. Appellants Jim and Debbie LaChance sought to recover damages for
injuries allegedly incurred by them as a proximate cause of appellees' alleged negligent misrepresentation.
Appellees filed motions for summary judgment with regard to the claims against them individually and the
district court granted each of the motions. (1) Subsequently, appellees sought judgment on their cost bond
which was also granted by the district court. We will affirm the judgment of the trial court. 


FACTUAL SUMMARY & PROCEDURAL HISTORY

 Jim and Debbie LaChance were customers of the Oak Hill National Bank (Oak Hill). (2) The
LaChances applied for and received approval for a loan from Oak Hill in 1986. As collateral for the loan,
the LaChances proposed to provide the bank with a lien on a portion of their homestead property. 
However, based upon legal concerns about placing a real property lien on homestead property, the loan
was withdrawn. Subsequently, a second loan was made by Oak Hill when the LaChances conveyed their
property to a third-party who, in turn, borrowed the purchase price from the bank. At the time of the
conveyance, the LaChances were notified that Oak Hill could not loan them the funds to repurchase the
property from the third-party. The loan later went into default. The LaChances obtained financing from
another lending institution and repurchased the property. 

 Following the repurchase, the LaChances filed suit against the Bank and its president. 
However, when the bank failed and was placed into receivership, that lawsuit was removed to federal court
where summary judgment was entered against the LaChances. On March 28, 1989, the LaChances
brought suit against the directors and officers of the Bank alleging breach of fiduciary duty, violations of the
Deceptive Trade Practices Act, violations of the "Bank Tying" Act, fraud, breach of contract, and
negligence among other claims. Appellees Gerald McCoy, John Donoghue, and Gary Goodfriend were
the only former officers involved in the lawsuit. 

 On March 4, 1992, three years after the suit was initiated, defendants filed a motion to
dismiss for want of prosecution. The LaChances were able to forestall the dismissal of their case by filing
a motion to refer the case to alternative dispute resolution. The trial court denied the motion and on May
31, 1995, the appellees filed special exceptions requiring the LaChances to be specific in their pleadings. 
The court granted the special exceptions and the LaChances filed amended pleadings abandoning all of
their prior theories of recovery and asserting claims against appellees for negligent misrepresentation. 

 Appellees filed separate motions for summary judgment asserting that (1) there were no
genuine issues of material fact; (2) the defense of limitations barred the LaChances' claims; or, in the
alternative (3) the LaChances' claims were barred as a matter of law. Before the hearing on the motions,
the LaChances failed to timely file a response to the motions. Moreover, the LaChances failed to appear
at the hearing. On October 19, 1995, the trial court granted the motions and signed a take nothing
judgment in favor of appellees. On December 14, 1995, the trial court approved appellees' accounting
of costs and granted final judgment on the LaChances' cost bond. It is from the summary judgment and
the final judgment on the cost bond that the LaChances have appealed.


STANDARD OF REVIEW

 The standards for reviewing summary judgment are well established: (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If a defendant
conclusively negates one of the essential elements of the plaintiff's cause of action as a matter of law,
summary judgment is proper. Goldberg v. United States Shoe Corp., 775 S.W.2d 751, 752 (Tex.
App.--Houston [1st Dist.] 1989, writ denied). The purpose of summary judgment is not to deprive
litigants of their right to a full hearing on the merits of any real issue of fact. Gulbenkian v. Penn, 252
S.W.2d 929, 931 (Tex. 1952). 


DISCUSSION

The Summary Judgment

 In their first three points of error, the LaChances assert that the trial court erred in granting
summary judgment because it failed to adequately review the summary judgment record. In their first point,
appellants specifically complain that the court did not review the entire record because it granted judgment
nine minutes after the court convened on the day of the oral hearing and therefore did not have adequate
time to review the lengthy record. In their second and third points, the LaChances argue that specific
documents relating to an earlier summary judgment hearing in this cause and docket sheets were missing
from the record at the time of the hearing, making it impossible for the court to review the entire record.

 The only directive given courts regarding the method for conducting a summary judgment
hearing is that no oral testimony can be permitted at the hearing. See Tex. R. Civ. P. 166a(c). Issues such
as whether to hear oral argument or the duration of the hearing itself are within the court's discretion. See,
e.g., Adamo v. State Farm Lloyd's Co., 853 S.W.2d 673, 677 (Tex. App.--Houston [14th Dist.] 1993,
writ denied) (granting the opportunity for oral argument on a motion for summary judgment is purely within
the discretion of the trial court); Owen Elec. Supply, Inc. v. Brite Day Constr. Co., 821 S.W.2d 283,
288 (Tex. App.--Houston [1st Dist.] 1992, writ denied) (ruling for summary judgment solely based on
written submissions is within the trial court's discretion). Similarly, there is no requirement that judges
spend time in open court reading the record. As the ultimate decision is based on the court's review of the
summary judgment record, it is irrelevant that the review did not take place in front of the parties at the
hearing or that the hearing lasted only a few minutes. See generally Tex. R. Civ. P. 166a(c). Furthermore,
that the court was prepared to rule on the summary judgment on the day of the hearing does not mean that
the court did not review the record. In fact, the lower court signed an order that the pleadings, summary
judgment evidence and argument of counsel, were the basis of its decision to rule in favor of appellees. 
Accordingly, appellants' first point of error is overruled.

 The LaChances' second and third points of error are directed at the record available to
the court for review regarding the motion for summary judgment. However, appellants failed to preserve
error on these points because they did not present a request, objection or motion to the trial court about
any deficiency in the record, nor did they timely submit a response to the motion for summary judgment. 
The LaChances therefore have waived their opportunity to challenge the summary judgment evidence
presented by appellees. See Tex. R. App. P. 52(a); Tex. R. Civ. P. 166a(c); cf. Nebegen v. Minnesota
Mining & Mfg.Co., 898 S.W.2d 363, 367 (Tex. App.--San Antonio 1995, writ denied) (objecting to
summary judgment proof is to be done before the trial court and not for the first time on appeal). The date
set for the summary judgment hearing was October 19, 1995. The LaChances had until October 12, seven
days before the hearing, to file their response. Tex. R. Civ. P.166a(c). Appellants filed a document styled
"Plaintiff's Response to Defendant's Motion for Summary Judgment" on October 13, one day beyond the
due date. Because the document was untimely, and absent leave to file a late response, appellants'
response was not properly before the court for consideration. See Nickerson v. E.I.L Instruments, 817
S.W.2d 834, 836 (Tex. App.--Houston [14th Dist.] 1986, no writ) (ignoring response to motion for
summary judgment filed after August 19 for a hearing on August 26). Moreover, because the response
was not properly before the trial court, we may not consider it in our review. INA of Texas v. Bryant, 686
S.W.2d 614, 615 (Tex. 1985); Vincent v. West Texas State Univ., 895 S.W.2d 469, 471-72 (Tex.
App.--Amarillo 1995, no writ). Appellants' second and third points of error are overruled. 

 We now turn to the LaChances' fifth point of error in which they assert that the trial court
erred in granting summary judgment because appellees failed to negate, as a matter of law, one or more
essential elements of their cause of action. In the instant case, the trial court ruled that "after examining the
pleadings and the summary judgment evidence and hearing the arguments of counsel," the defendants were
each entitled to summary judgment. The judgment concluded by pronouncing that "[a]ll relief requested
not expressly granted is denied." When a trial court grants summary judgment without stating the grounds,
the summary judgment will be affirmed on any meritorious theory set out in the motion. Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. of N. Am. v. Security Ins. Co., 790 S.W.2d 407,
410 (Tex. App.--Houston [1st Dist.] 1990, no writ). A successful challenge to a summary judgment
requires that the appealing party show that each independent ground alleged in the motion is insufficient to
support the order. Star-Telegram, Inc, v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Insurance Co. of
N. Am., 790 S.W.2d at 410. 

 In the instant case, the motions for summary judgment filed by appellees asserted, among
other things, the affirmative defense of limitations. The LaChances asserted a cause of action for negligent
misrepresentation based on their banking relationship with Oak Hill in August and September 1986. The
summary judgment evidence establishes that the relationship between the LaChances and the bank ceased
sometime between September 1986 and January 1987. The statute of limitations for a cause of action in
negligent misrepresentation is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a) (West 1997); Vergel
Bourland Home Appliances v. Altheimer & Baer Inc., 362 S.W.2d 201, 203 (Tex. Civ. App.--Fort
Worth 1962, writ ref'd n.r.e.). The LaChances filed their cause of action and their original pleading on
March 29, 1989, more than two years after the last possible date that any wrongful act could have been
committed by appellees. Therefore, the defense of limitations has been established as a matter of law. See
Stokes v. Beaumont, Sour, Lake & Western Railway Co., 339 S.W.2d 877, 878 (Tex. 1960). Because
the appellees established the defense of limitations, the burden shifted to the LaChances to produce
summary judgment evidence raising a fact issue to avoid the defense. American Petrofina, Inc. v. Allen,
887 S.W.2d 829 (Tex. 1994). Because the LaChances failed to produce such evidence, we conclude that
the trial court did not err in granting appellees' motion for summary judgment. The LaChances' fifth point
of error is overruled. 


The Motion for New Trial

 In their fourth point of error, the LaChances argue that the trial court erred in allegedly
failing to review the evidence in support of their motion for new trial. The LaChances base their complaint
on the court's eleven minute recess for the stated purpose of reviewing the voluminous record submitted
by the LaChances. Appellants specifically assert that eleven minutes was not an adequate amount of time
for the court to properly consider the record. 

 The matter of granting a new trial is a matter of discretion for the trial judge. Texas Rules
of Civil Procedure 320 through 329 set forth the procedures concerning motions for new trial and do not
contain a requirement that the court dedicate a specified amount of time in open court hearing oral argument
on such motions, nor do the rules require that the court allot any particular amount of time to the review
documents submitted in support of such motions. See Tex. R. Civ. P. 329b(c). Moreover because
appellants' point of error only concerns the discretionary review of the trial court, i.e., whether the court
must review the record in open court and the length of such review, rather than the merits of the motion,
we shall conclude our analysis and overrule this point of error. 


The Order for Costs

 The LaChances' sixth and final point of error concerns the court's judgment for costs. 
Appellants allege that the court erred when it granted appellees' motion for costs and that the court's action
was an act of prejudice. The standard of review of a trial court's pretrial order granting a plaintiff costs is
whether the trial court abused its discretion. See Clanton v. Clark, 639 S.W.2d 929, 931 (Tex. 1982). 


 Texas Rule of Civil Procedure 143 provides that "[a] party seeking affirmative relief may
be ordered to give security for costs at any time before final judgment, upon motion of any party, or any
officer of the court interested in the costs accruing in such suit, or by the court upon its own motion." Our
review of the record reveals that the LaChances instituted suit on March 28, 1989; however, they failed
to provide security for costs or make periodic deposits of cash sufficient to offset the charges and expenses
accrued in the cause. Accordingly upon the defendant's motion, the trial court ordered that such costs be
made on or before twenty days from the date of notice of such order or the LaChances' claims would be
dismissed. 

 It is the duty of the trial court to pass on a timely motion requesting that a party seeking
affirmative relief file a bond for costs. Willie v. Montgomery Ward & Co., 291 S.W.2d 432, 436 (Tex.
Civ. App.--Waco 1956, no writ). Accordingly, we conclude that the trial court did not abuse its discretion
in acting on the defendants' motion to rule for costs and we overrule appellants' final point of error.



The Cross-Point

 We now turn to appellees' cross-point on appeal. McCoy, Goodfriend, and Donoghue
assert that they are entitled to damages for delay pursuant to Texas Rule of Appellate Procedure 84 which
provides the following:


 In civil cases where the court of appeals shall determine that an appellant has taken
an appeal for delay and without sufficient cause, then the court may, as part of its
judgment, award each prevailing appellee an amount not to exceed ten percent of the
amount of the damages awarded to such appellee as damages against such appellant. If
there is no amount awarded to the prevailing appellee as money damages, then the court
may award, as part of its judgment, each prevailing appellee an amount not to exceed ten
times the total taxable costs as damages against such appellant. 



Tex. R. App. P. 84. This assertion is based upon the LaChances' failure to aggressively prosecute their
appeal.

 Rule 84 sets forth a two-step analysis for determining an award of damages. First, it must
be determined whether the appeal was taken for delay; and second, whether sufficient cause existed for
purposes of appeal. See Tex. Rule App. P. 84. Our review of the matters relating to the procedural and
substantive aspects of the LaChances' claims on appeal reveals that appellants neither understood the
nature of the claims that they initially brought forward nor were they aware of the necessary steps to
successfully prosecute their appeal. We acknowledge that pro se litigants, such as the LaChances, must
comply with the applicable procedural rules. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). However, our review of the record fails to demonstrate that the LaChances knowingly
committed acts to obstruct the judicial process on appeal. We therefore overrule appellees' cross-point.



CONCLUSION


 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith; Chief Justice Carroll not participating

Affirmed

Filed: August 14, 1997

Do Not Publish

1. The district court summarily disposed of the individual motions for summary judgment in a single
judgment.
2.   The Oak Hill National Bank failed and was placed into receivership.


G>

 The LaChances' sixth and final point of error concerns the court's judgment for costs. 
Appellants allege that the court erred when it granted appellees' motion for costs and that the court's action
was an act of prejudice. The standard of review of a trial court's pretrial order granting a plaintiff costs is
whether the trial court abused its discretion. See Clanton v. Clark, 639 S.W.2d 929, 931 (Tex. 1982). 


 Texas Rule of Civil Procedure 143 provides that "[a] party seeking affirmative relief may
be ordered to give security for costs at any time before final judgment, upon motion of any party, or any
officer of the court interested in the costs accruing in such suit, or by the court upon its own motion." Our
review of the record reveals that the LaChances instituted suit on March 28, 1989; however, they failed
to provide security for costs or make periodic deposits of cash sufficient to offset the charges and expenses
accrued in the cause. Accordingly upon the defendant's motion, the trial court ordered that such costs be
made on or before twenty days from the date of notice of such order or the LaChances' claims would be
dismissed. 

 It is the duty of the trial court to pass on a timely motion requesting that a party seeking
affirmative relief file a bond for costs. Willie v. Montgomery Ward & Co., 291 S.W.2d 432, 436 (Tex.
Civ. App.--Waco 1956, no writ). Accordingly, we conclude that the trial court did not abuse its discretion
in acting on the defendants' motion to rule for costs and we overrule appellants' final point of error.



The Cross-Point

 We now turn to appellees' cross-point on appeal. McCoy, Goodfriend, and Donoghue
assert that they are entitled to damages for delay pursuant to Texas Rule of Appellate Procedure 84 which
provides the following:


 In civil cases where the court of appeals shall determine that an appellant has taken
an appeal for delay and without sufficient cause, then the court may, as part of its
judgment, award each prevailing appellee an amount not to exceed ten percent of the
amount of the damages awarded to such appellee as damages against such appellant. If
there is no amount awarded to the prevailing appellee as money damages, then the court
may award, as part of its judgment, each prevailing appellee an amount not to exceed ten
times the total taxable costs as damages against such appellant. 



Tex. R. App. P. 84. This assertion is based upon the LaChances' failure to aggressively prosecute their
appeal.

 Rule 84 sets forth a two-step analysis for determining an award of damages. First, it must
be determined whether the appeal was taken for delay; and second, whether sufficient cause existed for
purposes of appeal. See Tex. Rule App. P. 84. Our review of the matters relating to the procedural and
substantive aspects of the LaChances' claims on appeal reveals that appellants neither understood the
nature of the claims that they initially brought forward nor were they aware of the necessary steps to
successfully prosecute their appeal. We acknowledge that pro se litigants, such as the LaChances, must
comply with the applicable procedural rules. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). However,